W. H. JAMISON, SUPERINTENDENT OF BUILDING INSPECTION FOR THE CITY OF CHARLOTTE, v. MRS. H. F. KYLES.

(Filed 8 November, 1967.)

1. **Administrative Law § 5; Municipal Corporations § 35—**

Where the findings of fact of an administrative agency are made in good faith and are supported by competent evidence, its findings are conclusive on appeal, and it is error for the court to substitute its own findings of fact for those of the agency.

2. **Appeal and Error § 9—**

The Supreme Court will not decide a moot question, and when it appears that the prosecutor of an appeal from an administrative agency has abandoned her appeal and moved to another state, the case will be remanded to the Superior Court with direction to dismiss the appeal from the agency.

APPEAL by respondent from *Patton, E.J.,* 29 May 1967 Schedule C, Civil Non-Jury Session of MECKLENBURG.

This proceeding originated by a letter dated 29 April 1966 from D. W. Long, Building Inspector, to Mrs. H. F. Kyles advising that inspection of her property revealed a violation of the Charlotte Zoning Ordinance, in that the property, zoned R-9, does not permit a beauty salon. Mrs. Kyles was advised to discontinue the business use of the property.

A Certificate of Occupancy to operate a beauty parlor at her residence was denied to Mrs. Kyles by the Inspection Department on 27 May 1966 for the reason that "Beauty parlor not permitted in R-9 zone."

W. H. Jamison, before whom a hearing on the matter was held on 18 May 1966, was of the opinion that the operation was not a customary home occupation in the meaning of sec. 23-32 of the zoning code. Mrs. Kyles appealed to the City of Charlotte Zoning Board of Adjustment. A hearing in the matter before the Board on 28 June 1966 resulted in the following determination:

"Following an investigation of the property in question, and its immediate surroundings, and on the evidence presented, the Board makes the following Findings of Fact:

"(1) When the requirements of Section 23-32 are met a beauty shop is a customary home occupation.

"In view of the above findings, the decision of the Board was expressed by Commissioner Beddingfield who made the motion that this waiver be granted with the following restrictions; that the petitioner is to be the sole operator engaged in home occupation and that she further be restricted to the present

use and no physical changes; further that no additional equipment for use in these activities except as replacement items of similar construction and uses be purchased. This motion was seconded by Commissioner Asbury and unanimously carried."

On 29 July 1966, W. H. Jamison filed his petition for Writ of *Certiorari* in the Superior Court. The matter came on for hearing before the Honorable George B. Patton. After hearing the matter and considering the record and the decision of the Zoning Board of Adjustment, Judge Patton entered judgment remanding the cause to the Board "for further findings of fact and conclusions of law and a final decision based on such findings of fact and conclusions of law."

The cause was set for rehearing before the Board on 29 November 1966, at which time further evidence was taken.

Thereafter, at its meeting on 20 December 1966, the Board found facts, made its conclusions of law, and entered its decision that Mrs. Kyles' business did not constitute a customary home occupation as set forth in sec. 23-32 Para. D particularly.

Mrs. Kyles petitioned for a Writ of *Certiorari* for review of the findings of fact, conclusions of law, and decision of the Board.

The Superior Court, after considering the entire record and evidence in the cause, made the following pertinent findings of fact:

On 5 April 1965, an existing attached garage was enclosed to be used as a den, including the addition of two half baths, which work was inspected and approved by the City Building Inspection Department. The purpose of this improvement was to prepare additional room at appellant's home for use by a member of her family; however, when it was determined that this use would not be needed, appellant began using this additional room in her home to conduct her business of washing, setting, styling, and coloring hair for her customers.

". . . The appellant uses two hair dryers in connection with her hair styling operation, but these hair dryers are of the type customarily and normally used as a part of domestic or household equipment and no chemical, mechanical or electrical equipment that is not normally a part of domestic or household equipment is used by the appellant primarily for commercial purposes in her aforesaid occupation, and the Zoning Board of Adjustment of the City of Charlotte, North Carolina, erred in finding as facts that the equipment being used in the business operation of Mrs. Kyles in her home included two commercial type chairs not normally used in a household and one commercial type sink not normally found in a household, and the Zon-

ing Board of Adjustment of the City of Charlotte, North Carolina, further erred in concluding as a matter of law that Mrs. Kyles' business does not constitute a customary home occupation as set forth in Section 23-32 of the Code of the City of Charlotte, North Carolina, and said findings of Fact and Conclusions of Law are hereby reversed."

Based on evidence in the record, the court further found that: appellant's operation caused no noise or other interference with radio or television reception; no internal or external alterations inconsistent with the residential use of the building have been made; appellant, who resides in the dwelling, is the only person engaged in the home occupation; no display of products is visible from the street; no articles are sold on the premises and no passenger vehicles are used in connection with the conduct of said occupation, and no signs are used in connection with said operation; although appellant conducts her occupation under a North Carolina Beauty Shop License as required by law, the only business conducted by her in the occupation is that of washing, Setting, Styling, and coloring hair, and she does not conduct or perform any other services normally associated with a beauty shop in her home.

Based upon the foregoing findings of fact, the court made the following relevant conclusions of law: that the occupation of washing, setting, styling, and coloring hair as conducted by appellant in her home is a customary home occupation and conformed to the requirements of a customary home occupation as set out in sec. 23-32 of the Code of the City of Charlotte; that the occupation conducted by appellant in her home is a permitted use in a R-9 residential zone under the provisions of sec. 23-32 of the Charlotte City Code and is a customary home occupation within the provisions of that section of the code, and the decision of the Board, holding that this operation is not a customary home occupation, is in error and is reversed and set aside.

The court held that the ruling of the zoning Board that the business operations being conducted by Mrs. Kyles on her property were in violation of the R-9 zoning restriction and did not constitute a customary home operation as permitted by sec. 23-32 of the Charlotte City Code was in error. The court thereupon ordered, adjudged and decreed that the ruling of the Board be reversed and set aside.

*Paul L. Whitfield for plaintiff-appellant.*
*No counsel contra.*

Branch, J.  At the threshold of this appeal we are confronted with the question of whether the judge of superior court exceeded his *certiorari* powers of review in making findings of fact at variance with those found by the Board of Adjustment.

G.S. 143-315 provides:

> "The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . (5) Unsupported by competent, material, and substantial evidence in view of the entire record as submitted; . . . If the court reverses or modifies the decision of the agency, the judge shall set out in writing, which writing shall become a part of the record, the reasons for such reversal or modification."

The findings of fact before the court were as follows:

> "After the presentation of new evidence the Board finds as fact Para. 1-2-3.
>
> (4)  That the equipment being used in the operation of the business includes 2 commercial type chairs not normally used in a household and one commercial type sink not normally found in a household.
>
> (5)  That the new evidence presented was that the above equipment was being used primarily for commercial purposes.
>
> (6)  Paragraph 5.

Conclusions:
> (1)  The case was remanded by the Court for additional findings of fact.
>
> (2)  At the rehearing on November 29, 1966 with the new evidence presented, the Board finds Mrs. Kyles' business does not constitute a customary home occupation as set forth in Section 23-32 Para. D particularly.

Decision of the Board.
> In view of the above findings of fact, the decision of the Board was expressed in a motion by Commissioner Phillips, seconded by Commissioner Watt, and unanimously carried."

It is apparent that the court could only speculate as to what Paragraphs 1, 2, 3 and 6 refer to. Thus, only findings of fact 4 and 5 of the Board are to be considered.

*In re Appeal of Hasting,* 252 N.C. 327, 113 S.E. 2d 433, is a case which grew out of another Charlotte Zoning Board of Adjustment decision. In that case, under the zoning ordinance, petitioner was permitted to continue a nonconforming use when the ordinance was enacted. He later sought to get permission for additional construction upon contention that the construction was to complete facilities under his original plan. The Board affirmed the refusal of the building inspector to issue a permit to increase the use of the property. The decision of the Board was reviewed by the Superior Court, which sustained the Board's findings. In deciding this case on appeal from the Superior Court, this Court said:

> "The City had the authority to prohibit an enlargement of a nonconforming use. *In re O'Neal,* 243 N.C. 714, 92 S.E. 2d 189. Whether what petitioner sought was the right to complete construction of facilities for a nonconforming use to which property had been dedicated when the ordinance took effect or was an enlargement of a subsisting nonconforming use was a question of fact to be determined by the Board of Adjustment. The rule applicable is stated in *In re Pine Hill Cemeteries, Inc.,* 219 N.C. 735, 15 S.E. 2d 1, thus: 'The duties of the building inspector being administrative, appeals from him to the board of adjustment present controverted questions of fact — not issues of fact. Hence it is that the findings of the board, when made in good faith and supported by evidence, are final. *Little v. Raleigh,* 195 N.C. 793. Such findings of fact are not subject to review by the courts."

The case of *Freeman v. Board of Alcoholic Control,* 264 N.C. 320, 141 S.E. 2d 499, again considered the authority of the Superior Court when reviewing proceedings of an administrative board. There the Court stated:

> "The duty to weigh the evidence and find the facts is lodged in the agency that hears the witnesses and observes their demeanor as they testify — in this case the Board of Alcoholic Control. Its findings are conclusive if supported by material and substantial evidence. (Citing cases.) Courts will not undertake to control the exercise of discretion and judgment on the part of members of a commission in performing the functions of a state agency. (Citing cases.) When discretionary authority is vested in such commission, the court has no power

to substitute its discretion for that of the commission; and in the absence of fraud, manifest abuse of discretion or conduct in excess of lawful authority, the court has no power to intervene. (Citing cases.) Hence it is that the findings of the board, when made in good faith and supported by evidence, are final." (Citing cases.)

Our examination of the competent evidence submitted to the Board discloses it to be sufficient to support its findings of fact. The court below erred in reversing these findings of fact. Neither did the trial court comply with the requirements of G.S.143-315 by setting out in writing the reasons for such reversal.

Mrs. Kyles, appellee, has advised her attorneys in writing, copies of which are filed with the Court, that she does not desire to further pursue this appeal since she is moving to another State. Counsel did not appear or file brief in her behalf when the case was called for argument in this Court. Thus, the questions presented by this appeal have become moot.

The judgment entered by the court below is vacated and the cause is remanded to Mecklenburg County Superior Court with direction to enter order dismissing Mrs. Kyles' appeal to the Superior Court of Mecklenburg County, as moot.

Error and remanded.