PAUL R. JENNEWEIN AND WIFE, VIRGINIA N. JENNEWEIN v. THE CITY COUNCIL OF THE CITY OF WILMINGTON, NORTH CAROLINA, BEN B. HALTERMAN, MAYOR, JOSEPH DUNN, MARGARET FONVIELLE, RALPH W. ROPER, WILLIAM SCHWARTZ, LUTHER JORDAN AND TONY PATE

No. 825SC236

(Filed 3 May 1983)

1. **Municipal Corporations § 31.2— special use permit—city council decision—standard of appellate review**

    Although the North Carolina Administrative Procedure Act provides judicial review only for agency decisions, G.S. 150A-50, and exempts cities and other local municipalities, G.S. 150A-2(1), a similar standard of review is appropriate to review city council special use permit decisions.

2. **Municipal Corporations § 31.2— special use permit—appeal from decision—whole record test**

    While the whole record test does not allow the appellate court to replace a city council's judgment as between two reasonably conflicting views in determining whether to issue a special use permit, the appellate court must take into account both the evidence which justified the city council's result and the contradictory evidence in determining whether the city council's decision was supported by competent, material and substantial evidence.

3. **Municipal Corporations § 30.6— denial of special use permit for antique shop—supporting evidence**

    A city council's denial of a special use permit for an antique shop in a historic district on the ground that such use of the property would materially endanger the public health and safety was supported by competent, material, and substantial evidence tending to show that petitioner uses flammable solvents in refinishing furniture on the premises; the surrounding houses are old, very close together, and of wood frame construction; and petitioner has only one fire extinguisher and no fire alarms.

APPEAL by petitioners from *Strickland, Judge*. Judgment entered 18 December 1981 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 17 January 1983.

This case arises from the Wilmington City Council's denial of petitioner's application for a special use permit. In July 1977, petitioners filed with the Planning Department of the City of Wilmington an application for a special use permit to use 318 South Front Street, in the Historic District of Wilmington, as an antique shop. The application was approved by the Historic District Commission and the Planning Commission. In November 1977, the

Wilmington City Council, pursuant to its authority under G.S. 160A-381, voted to deny petitioners' application. Petitioners filed a petition for certiorari in Superior Court. The Court remanded the action for a hearing de novo before the city council. On 26 September 1978, the city council again denied petitioners' application. The Superior Court remanded the action for a third hearing before the city council. At the hearing, on 28 April 1981, petitioners' application for a special use permit was again denied.

As required by the Wilmington zoning ordinance, in order to grant a special use permit the council must find:

(1) That the use will not materially endanger the public health or safety if located where proposed and developed according to the plan as submitted and approved;

(2) That the use meets all required conditions and specifications;

(3) That the use will not substantially injure the value of adjoining or abutting property, or that the use is a public necessity; and,

(4) That the location and character of the use if developed according to the plan as submitted and approved will be in harmony with the area in which it is to be located and in general conformity with the plan of development of the City of Wilmington.

The first finding of fact and conclusion made by the city council is as follows, in pertinent part:

1. It is the City Council's CONCLUSION that the proposed use (does not) satisfy the first general requirement listed in the Ordinance; namely, that the use will not materially endanger the public health or safety if located where proposed and developed according to the plan as submitted and approved. In support of this conclusion, the Council makes the following FINDINGS OF FACT:

. . . .

Margaret Groover, a property owner in the subject block, owning property at 300 South Front Street on the northwest corner of Front and Ann Street, [testified] that she had lived

at that address since 1942 and in the neighborhood in general all her life and that the 300 block had always been residential. She testified that danger to the public health and safety was present due to fire danger with the type of use being considered since all the houses in the block are frame houses very close together and with furniture refinishing going on in the antique shop the danger to the public health and safety would be increased. She further testified that danger from fire was increased anywhere where no one lived on the premises at night as subject property presently existed. She further testifed on cross examination that a fire had occurred between her house and the subject property and that that property was unoccupied at the time of the fire. Opponents offered further competent, sworn testimony through Mr. Jackson Spark of 308 South Front Street (3 doors from the subject property on the same side of the street) that use as an antique shop would disturb the peace, quiet and calm of the neighborhood and that he had been disturbed on numerous occasions by the people looking for the antique shop which had been operating illegally and without a permit.

He further testified that increased traffic from the shop would create danger to pedestrians and other people walking in the neighborhood.

. . . .

[Several other witnesses testified as to the danger of the increased traffic.]

. . . .

Opponents offered further competent, sworn testimony through Don Britt of 401 South Front Street on the southeast corner of Front/Nun Street approximately fifty (50) yards from the subject property. . . . [H]e pointed out the danger to public health and safety with respect to fire hazards on the property noting that the petitioner had no fire alarms on her property, only one fire extinguisher with more than 5,000 square feet, no one living in the building in question, and smoking is allowed on the premises and petitioner by her own testimony smokes. In addition, he noted the use

of flammable refinishing material and the presence of cars in the backyard.

The city council concluded that the proposed use satisfied the second requirement, that the use meets all required conditions and specifications. They concluded that the proposed use did not meet the third requirement, that the use will not substantially injure the value of adjoining property, or the fourth requirement, that the location and character of the proposed use would be in harmony with the area. Since three conditions precedent to the issuance of the special use permit were not satisfied the application was denied. The Superior Court affirmed the city council's action on the basis of their findings of fact and conclusions made at the 28 April 1981 meeting.

*Stephen E. Culbreth, for petitioner appellants.*

*City Attorney R. Michael Jones and Assistant City Attorney Laura E. Crumpler, for respondent appellees.*

VAUGHN, Chief Judge.

[1, 2] Petitioners' only exception is to the entry of judgment. The court made no findings of fact. It is, however, our duty to review the sufficiency of the evidence presented to the council. The appropriate standard of review before this Court is in the nature of the standard of review required by the North Carolina Administrative Procedure Act. *Coastal Ready-Mix Concrete Co. v. Board of Commissioners of the Town of Nags Head,* 299 N.C. 620, 265 S.E. 2d 379, *rehearing denied,* 300 N.C. 562, 270 S.E. 2d 106 (1980). According to *Concrete Co.,* although the North Carolina Administrative Procedure Act provides judicial review only for agency decisions, G.S. 150A-50, and exempting cities and other local municipalities, G.S. 150A-2(1), a similar standard of review is appropriate to review city council special zoning request decisions. The Supreme Court set out the following guidelines for review:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

299 N.C. at 626, 265 S.E. 2d at 383. In this case, there is no question that the above guidelines numbers one, two, three, and five were met. The only issue before us is whether the decision of the city council was supported by "competent, material and substantial evidence in the whole record." This whole record test does not allow us to replace the city council's judgment as between two reasonably conflicting views, but we must take into account both the evidence which justifies the city council's result and the contradictory evidence in determining whether the city council's decision was supported by competent, material and substantial evidence. *Thompson v. Wake County Board of Education*, 292 N.C. 406, 233 S.E. 2d 538 (1977).

[3] Petitioners contend that they have introduced competent, material, and substantial evidence supporting all the conditions required for a special use permit. Since all four conditions must be met, to affirm the trial court's decision we need only find that the city council's conclusion that one condition was not met was supported by competent, material, and substantial evidence. The first condition was "That the use will not materially endanger the public health or safety if located where proposed and developed according to the plan as submitted and approved." Petitioners contend they offered evidence that the shop averaged only four to seven customers per day which refutes the council's finding that there would be increased traffic. Petitioner, however, did not have a sign in front of her shop and was operating her shop illegally without the special use permit. It is more likely that if she was granted the special use permit she would put up a sign, advertise, and thus acquire more customers. The traffic problem, however, may not be as serious as the potential fire hazard caused by her use of inflammable solvents used in refinishing the antiques. In her brief, petitioner denied that she would be

refinishing furniture. The record, however, reveals that petitioner admitted she was refinishing furniture with inflammable solvents:

> Attorney Culbreth asked Mrs. Jennewein if she refinished furniture and she stated she has done some but does not do it now. Antiques need a lot of washing and scrubbing and steel wooling and things of that sort. She does not use many flammable solvents, no more that most kitchen things would be.

Although petitioner denied refinishing furniture, the last two sentences indicate that she does refinish furniture on the premises. There was uncontradicted evidence that the surrounding houses were old, very close together, and of wood frame construction. Petitioner had only one fire extinguisher and no fire alarms. There was other evidence tending to show that the proposed use would endanger the public health and safety. The finding that the use of the property as an antique shop would materially endanger the public health and safety was, therefore, supported by competent, material, and substantial evidence as required by *Concrete Co., supra.*

We do not hesitate to say that the record also supports the council's negative findings on conditions (3) and (4). It is, however, not necessary to discuss the evidence as to those conditions since all four must be met before the council may grant the special use permit.

Affirmed.

Judges WELLS and BRASWELL concur.