Submitted on record and briefs August 31, reversed and remanded for reconsideration December 7, 1983

## LILES,
*Respondent,*

*v.*

## CITY OF GRESHAM,
*Petitioner.*

(82-037; CA A27030)

672 P2d 1229

Thomas Sponsler and Matthew R. Baines, Gresham, filed the brief for petitioner.

James A. Liles, Campbell, California, filed the brief *pro se* for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The City of Gresham (City) appeals from an order of the Land Use Board of Appeals (LUBA) which reversed City's denial of a development permit sought by petitioner. He had proposed a residential subdivision on an undeveloped tract known as Gabbert Hill. City found that the proposal did not comply with its comprehensive plan trafficways policy requiring "safe and efficient" streets because of (1) anticipated future traffic and (2) the steep grade of a proposed road for access to the proposed subdivision from local streets.

LUBA reversed City's denial, stating that it is not free to impose a comprehensive plan policy on the proposed subdivision when the proposal met all specific standards and criteria in City's implementing ordinances. LUBA further concluded that City could not deny a development permit on the ground that the area did not have an adequate street plan:

> "We believe that if the city requires a specific traffic plan before a development may be approved, the city must provide that plan or, based on authority in the ordinance, condition the development on the submission of such a plan. Absent those acts, the city should not zone the property as though it were ready for development unless it so believes."

LUBA based its analysis on our decision in *Philippi v. City of Sublimity,* 59 Or App 295, 650 P2d 1038 (1982), *rev'd* 294 Or 730, 662 P2d 325 (1983). After LUBA issued its order, the Supreme Court reversed *Philippi,* holding, *inter alia:*

> "* * * A zoning ordinance [does not] necessarily give an automatic license to a landowner to develop his or her property to any use permitted by its particular zone class. * * * Where the comprehensive plan permits uses more intensive than a parcel's present use, the question of when and under what conditions the parcel may be permitted to be further developed can be made to turn on policies or factors within the zoning ordinance itself *or the plan,* provided they are applicable, clearly set out, and consistent with the zoning designation." 294 Or at 736. (Emphasis supplied.)

We find that the conclusions LUBA reached are contrary to the Supreme Court's holding in *Philippi.* We therefore reverse and remand to LUBA for reconsideration. *See* Or Laws 1979, ch 772, § 6a(8), *amended* Or Laws 1981, ch 748, § 37.

Reversed and remanded for reconsideration.