DEIDRE V. BATCH v. TOWN OF CHAPEL HILL

No. 121PA89

(Filed 18 January 1990)

1. **Municipal Corporations § 31.2 (NCI3d) — denial of subdivision application—joinder of complaint and writ of certiorari**

    A petition for a writ of certiorari to review a decision of the town denying a subdivision application was improperly joined with a cause of action alleging constitutional violations and seeking damages, costs, and attorney's fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 1983 and N.C.G.S. § 40A-8.

    **Am Jur 2d, Zoning and Planning §§ 337, 338.**

2. **Administrative Law § 6 (NCI3d); Municipal Corporations § 31.2 (NCI3d) — denial of subdivision permit—appeal to superior court—court may not grant summary judgment or make additional findings**

    In reviewing errors raised by plaintiff's petition for a writ of certiorari from the denial of a subdivision application by the town, the superior court was sitting as a court of appellate review and could not properly grant summary judgment or make additional findings. The sole question before

1

the trial court was whether the decision of the town council was based upon findings of fact supported by competent evidence and whether such findings supported the conclusion reached by the town; if even one of the reasons articulated by the town for the denial of the subdivision permit was supported by valid enabling legislation and competent evidence on the record, the town's decision must be affirmed.

**Am Jur 2d, Administrative Law §§ 452, 456-458.**

3. **Municipal Corporations § 30.10 (NCI3d) — denial of subdivision permit — failure to accommodate thoroughfare plan — denial proper**

The Chapel Hill Town Council properly denied plaintiff's petition for approval of her subdivision where a Chapel Hill ordinance expressly requires that subdivision plans for streets and driveways be in compliance with and coordinate to Chapel Hill's transportation plan; there was competent and substantial evidence before the town council to support a finding that plaintiff's subdivision application failed to take into account present and future road plans set forth in the town's thoroughfare plan; and there was no evidence in the record which would support any inference that the findings and decision of the council were not made in good faith.

**Am Jur 2d, Zoning and Planning §§ 166, 167.**

4. **Municipal Corporations § 30.10 (NCI3d) — subdivision application — requirement that plan coordinate with street plan**

The Town of Chapel Hill's denial of plaintiff's subdivision permit for failure to take future road plans into account was neither *ultra vires* nor unconstitutionally vague. Under N.C.G.S. § 160A-372, a town is authorized to require a developer to take future as well as present road development into account when designing a subdivision, and such a requirement is not necessarily tantamount to compulsory dedication.

**Am Jur 2d, Zoning and Planning §§ 166, 167.**

5. **Municipal Corporations § 30.22 (NCI3d) — denial of subdivision application — summary judgment for plaintiff improper — further action**

The trial court improperly granted summary judgment for plaintiff on her claims for a taking without just compensa-

tion and without due process of law in an action arising from the Town of Chapel Hill's denial of her subdivision application for failure to take into account future road plans. Summary judgment should have been entered for the defendant and the doctrine of res judicata would bar plaintiff from reasserting her claim that the town unlawfully denied approval of her subdivision plan despite the fact that the original claim arose in a quasi-judicial administrative hearing. However, plaintiff has not been foreclosed from filing another petition with the town for the development of her property as a subdivision or for other use.

**Am Jur 2d, Zoning and Planning § 13.**

ON discretionary review of the decision of the Court of Appeals, 92 N.C. App. 601, 376 S.E.2d 22 (1989), affirming in part and reversing in part the order granting summary judgment in favor of the plaintiff entered by *Brannon, J.,* in the Superior Court, ORANGE County, on 31 December 1987. Heard in the Supreme Court 10 October 1989.

*Michael B. Brough & Associates, by Michael B. Brough & Frayda S. Bluestein, for plaintiff-appellee.*

*Hunter, Wharton & Lynch, by John V. Hunter, III, and Ralph D. Karpinos, Town Attorney, Town of Chapel Hill, for the defendant-appellant.*

*Thomas A. McCormick, Jr., City Attorney, and Ira J. Botvinick, Deputy City Attorney, for City of Raleigh, and S. Ellis Hankins, General Counsel, for N.C. League of Municipalities, amicus curiae.*

*Gregory D. Porter for North Carolina Home Builders Association, amicus curiae.*

*Karen A. Sindelar, Assistant City Attorney, for City of Durham, amicus curiae.*

*Maupin, Taylor, Ellis & Adams, P.A., by John C. Cooke, and R. S. Radford, for Pacific Legal Foundation, amicus curiae.*

MARTIN, Justice.

This case raises the question of whether the proceeding pursuant to plaintiff's petition for writ of certiorari to review the

decision of the Town of Chapel Hill which denied plaintiff's subdivision permit application was properly joined with her cause of action alleging in her complaint constitutional violations and seeking damages, costs, and attorney's fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 1983 and N.C.G.S. § 40A-8. Also presented is the further question of whether summary judgment in favor of plaintiff was properly granted as to both proceedings. We hold that these proceedings were improperly joined and examine each separately in this opinion. Concerning the writ of certiorari, we reverse the Court of Appeals' ruling and order that the decision of the Town Council denying plaintiff's subdivision application be upheld. Turning to the questions raised in plaintiff's complaint, we hold that the Court of Appeals erred in partially affirming the trial court's order of summary judgment in favor of plaintiff and remand the cause to the Court of Appeals for further proceedings consistent with this opinion.

The facts show that on 26 October 1984, the plaintiff, Dr. Deidre V. Batch, purchased a tract of land containing 20.16 acres on Old Lystra Road in Orange County within the extraterritorial planning jurisdiction of the Town of Chapel Hill. Dr. Batch is not a professional land developer and purchased this acreage with the intent of building her personal residence thereon. Sometime after purchasing this property, Dr. Batch decided to subdivide the land while retaining a portion of it for her own use.

Several months prior to Dr. Batch's purchase of this property, the Town of Chapel Hill had adopted the 1983 Chapel Hill/Carrboro Thoroughfare Plan. The Thoroughfare Plan, which is part of the Comprehensive Plan developed by the town pursuant to N.C.G.S. § 160A-174 (1987), includes plans to construct a limited access two-lane highway, the Laurel Hill Parkway, in the southern section of Orange County to alleviate traffic congestion resulting from population growth in that area. This parkway, as planned, will pass through the northeast section of Dr. Batch's twenty-acre tract of land.

In pursuit of her goal to subdivide her property, Dr. Batch initially submitted an application to the Town of Chapel Hill for a minor subdivision on 20 June 1986. Dr. Batch submitted a new proposal to the town on 16 September 1986. This new application, which is the subject of the current controversy before this Court, sought permission to subdivide the property into eleven lots. As

**BATCH v. TOWN OF CHAPEL HILL**

[326 N.C. 1 (1990)]

indicated by the following illustration, the eleven lots as developed would surround two cul-de-sacs to be built on the property, and construction of the proposed Laurel Hill Parkway by the town would significantly interfere with the use of at least four of the anticipated building sites:

Internal communications between planning staff members and members of the advisory Planning Board indicated that some staff and advisory board members wanted Dr. Batch to reserve or dedicate space for the proposed Laurel Hill Parkway as a condition of approval of her permit application. Dr. Batch consistently resisted what she perceived to be efforts by the town to compel dedication of her land for the proposed parkway. Dr. Batch's development representative suggested that the town redesign the Thoroughfare Plan to move the parkway. In addition to her concerns about dedication, Dr. Batch further explained her resistance to the parkway's anticipated location on her property in an affidavit submitted to the trial court as part of her summary judgment motion:

> I object to the Laurel Hill Parkway running through my property in part because it would take a substantial portion of my property as well as lower the value of the remaining property. More importantly, however, I object because it would destroy much of the beauty and seclusion that motivated me to purchase the property in the first place.

As part of the major subdivison review process set out in the Chapel Hill Development Ordinance at § 7.6.1.5, Dr. Batch's subdivision permit application was submitted for review by the Chapel Hill Planning Board prior to review by the Town Council itself. The Planning Board conducted a hearing on 6 January 1987 at which Dr. Batch was represented by counsel. Following that hearing, the Planning Board unanimously adopted a resolution recommending denial of the submitted subdivision application. In its resolution, the Planning Board stated that the subdivision "would not comply with the standards of the Town." Among the reasons cited by the Planning Board as grounds for the subdivision's failure to comply with the town's standards was that "[t]he type and arrangement of streets within the development are not in compliance with nor coordinate with Chapel Hill's Thoroughfare Plan."

Following the decision of the Planning Board, the Chapel Hill Town Manager, David R. Taylor, prepared a memorandum and recommendation to the Town Council dated 25 February 1987. Regarding the proposed Laurel Hill Parkway as it would impact on Dr. Batch's development design, Mr. Taylor stated in this memorandum:

> The applicant's proposed subdivision fails to take into account this future street and would substantially disrupt the adopted

Thoroughfare Plan. . . . Laurel Hill Parkway as it is now called was part of the adopted Thoroughfare Plan for several years prior to the most recent update in 1984. . . . The adopted plan and, in particular, this proposed parkway has been taken into account by both Chapel Hill and Carrboro in review of other proposed developments. . . . We believe that the applicant's proposal does not meet requirements of having streets which coordinate with existing and planned streets as authorized by statute and ordinance.

A hearing was held on 9 March 1987 before the Chapel Hill Town Council. At the request of Dr. Batch's counsel, all evidence was received under oath and cross-examination was allowed.

At the hearing, the Town Manager's recommendation was presented by Planning Director Roger Waldon who was cross-examined by Dr. Batch's attorney. Dr. Batch's developer testified on her behalf, and plats of the proposed development, as well as maps illustrating the relationship of the proposed parkway to the proposed subdivision, were submitted into evidence. There was no evidence in the record before the Town Council of any efforts on behalf of the town to require plaintiff to dedicate land for the right-of-way of Laurel Hill Parkway as a condition for approval of plaintiff's proposed subdivision.

At the conclusion of the hearing, the council voted unanimously to deny the subdivision application and adopted the following resolution:

BE IT RESOLVED that the Council of the Town of Chapel Hill finds that the subdivision proposed by Dr. Deidre V. Batch, on property identified as Chapel Hill Township Tax Map 122, Block B, Lot 2, if developed according to the plat dated September 1986 would not comply with all applicable regulations of the Town. The Council finds that the development, as proposed:

1. Is not consistent with the orderly growth and development of the Town as outlined in the Comprehensive Plan of the Town and, in particular the Land Use Plan, as required by Section 6.5.1 of the Development Ordinance.

2. Does not have streets which coordinate with existing and planned streets and highways as required by Sections 7.7.1 and 6.5.1 of the Development Ordinance.

3. Does not create conditions essential to the present and future public health, safety and general welfare as required by the Development Ordinance.

4. Does not provide for the construction of Community service facilities in accordance with municipal policies and standards as set out in the Comprehensive Plan and as required by Section 7.7.1 of the Development Ordinance.

BE IT FURTHER RESOLVED that the Council hereby denies the application for preliminary plat approval for Old Lystra Subdivision.

Nowhere in the council's resolution, the Planning Board's resolution, the Manager's memorandum to the council, or the testimony of the town's Planning Director at the hearing is there any reference to a requirement that Dr. Batch dedicate any of her property to the town. Rather, these memoranda, resolutions, and testimony consistently refer to the subdivision's failure to coordinate with existing and planned streets or to incorporate the alignment of the parkway right-of-way in its design as one of the reasons for the permit denial. However, the Planning Staff Report of 6 January 1987, indicating that the proposed subdivision failed to "incorporate the alignment of the Laurel Hill Parkway right-of-way into the proposed preliminary plan" and recommending that the plan not be approved because "it does not incorporate the extension of Laurel Hill Parkway," was included in the package of material forwarded to the Town Council members by the Town Manager in preparation for the 9 March 1987 hearing.

Following denial of her subdivision permit application, Dr. Batch filed a combined complaint and petition for writ of certiorari in Orange County Superior Court on 8 April 1987 seeking a declaration that the denial of her application was unlawful and unconstitutional, praying for an injunction to compel the town to approve her application, asking for damages for an unconstitutional taking of her property and for denial of equal protection, seeking compensation for the temporary taking of her property, and requesting an award of costs and attorney's fees. In its answer, the town denied that any unconstitutional violations had occurred and further took the position that the complaint and petition for writ of certiorari should not be combined in one proceeding. On 4 September 1987, the trial court determined that the claims were properly joined and issued a writ of certiorari on 20 October 1987

with respect to the decision of the Town Council denying approval of the subdivision application.

On 21 October 1987, Dr. Batch moved for summary judgment on every count of the complaint and the petition for writ of certiorari as to liability, reserving the issues of damages for later determination. Both parties filed affidavits from a number of potential witnesses with the trial court prior to a 15 December 1987 hearing on Dr. Batch's motion for summary judgment. The trial court heard argument and reviewed the pleadings and affidavits presented at the summary judgment hearing, together with the record of the 9 March 1987 permit hearing before the Town Council pursuant to the writ of certiorari, and determined that there was no genuine issue of material fact concerning the questions raised in Dr. Batch's complaint and writ proceeding. Most significantly, in finding of fact number two the trial court concluded that there was no genuine issue of material fact concerning the town's rationale for denying Dr. Batch's subdivision permit. Rather than accepting the Town Council's statement in its resolution that the subdivision "does not have streets which coordinate with existing and planned streets and highways," the trial court ruled that:

> On March 9th, 1987, the Chapel Hill Town Council adopted its staff's recommendation and denied Plaintiff's application for the following three reasons: (1) Plaintiff failed to indicate on her subdivision an intent to dedicate to the Town of Chapel Hill a right of way for the proposed Laurel Hill Parkway; (2) Plaintiff failed to indicate on her subdivision plat an intent to dedicate to the Town an additional 10 feet of right of way along Old Lystra Road and to improve Old Lystra Road by adding 12 feet of pavement width as well as curb and gutter along the property's approximately 973 feet frontage on that road; (3) Plaintiff failed to indicate in her subdivision application an intent to extend public water and sewer lines to the property.

Based on its factual finding that the town was requiring dedication of land for the Laurel Hill Parkway, the trial court concluded that such a requirement amounted to an unconstitutional taking. The trial court similarly concluded that denial of the permit for plaintiff's failure to dedicate space for or make improvements to Old Lystra Road amounted to an unconstitutional taking. Finally, the trial court reasoned that the defendant had no statutory authority

to deny use of individual well and septic tank systems and its denial of the subdivision application was *ultra vires* and unconstitutional.

At the conclusion of its order resulting from plaintiff's motion for summary judgment, the trial court ordered the Town of Chapel Hill to approve Dr. Batch's preliminary plat as submitted with a minor exception permitting the town to relocate the proposed recreation area; reserved for trial the amount of damages to which plaintiff would be entitled, and assessed costs and attorney's fees against the town.

The town appealed to the Court of Appeals which filed its decision on 7 February 1989. In that opinion, *Batch v. Town of Chapel Hill*, 92 N.C. App. 601, 376 S.E.2d 22 (1989), the Court of Appeals unanimously concluded that it was not error for the trial court to have joined the proceeding pursuant to the writ of certiorari with the complaint and that plaintiff's motion for summary judgment was therefore properly before the trial court. Having determined that the summary judgment motion was properly before the trial court, the Court of Appeals examined the trial court's conclusion that there was no genuine issue of material fact in the case and that plaintiff was therefore entitled to judgment as a matter of law. The Court of Appeals found that one undisputed reason for denial of the subdivision permit was Dr. Batch's failure to dedicate land for the Laurel Hill Parkway:

> Careful review of the affidavits in support of summary judgment, the record of the Town Council meeting of 9 March 1987, other documents properly before the court, and the transcript of the summary judgment hearing, support the Superior Court's conclusions as to why the application was denied. Defendant came forward with no evidence that the denial was for any other reason. We affirm the portion of the trial court's order which identifies the reasons for denial of the subdivision application.

*Batch v. Town of Chapel Hill*, 92 N.C. App. 601, 609-10, 376 S.E.2d 22, 28.

The Court of Appeals next examined the conclusions of law reached by the trial court. The Court of Appeals held that the town's denial of Dr. Batch's permit amounted to an unconstitutional taking. The Court of Appeals further concluded that the imposition

of the "Parkway condition," i.e., what it found to be a compulsory dedication requirement, exceeded the statutory authority granted to the Town of Chapel Hill in N.C.G.S. § 160A-174. Additionally, the Court of Appeals' opinion stated that plaintiff's substantive due process rights were violated both because the town's action was *ultra vires* and because the reasons set out by the town for its decision were unconstitutionally vague.

Turning to the "Lystra Road condition," the Court of Appeals reversed the trial court's summary judgment order and remanded the question for further proceedings. Finally, the Court of Appeals affirmed the trial court's decision to invalidate the water and sewer condition as a basis for the town's denial of plaintiff's permit application, while refusing to recognize plaintiff's argument on cross-appeal that the town's denial of the permit on these grounds amounted to an unconstitutional taking of Dr. Batch's entire tract.

[1] Addressing first the question of joinder of the proceeding pursuant to the writ of certiorari with the cause of action alleged in the plaintiff's complaint, we hold that it was error to join them. However, despite the error in joining the two proceedings, we elect not to remand the entire case but rather choose to consider separately the questions raised by the entry of summary judgment as to the respective proceedings in this appeal.

[2] In reviewing the errors raised by plaintiff's petition for writ of certiorari, the superior court was sitting as a court of appellate review pursuant to the procedures set out in the Town of Chapel Hill's Development Ordinance at § 7.6.1.11. 1 Strong's N.C. Index 3d *Administrative Law* § 6 (1976). In its capacity as an appellate court reviewing the town's quasi-judicial subdivision permit hearing, the superior court could not properly grant summary judgment. Motions for summary judgment are properly heard in the trial courts. *Britt v. Allen*, 12 N.C. App. 399, 183 S.E.2d 303 (1971); W. Shuford, *N. C. Civil Practice and Procedure* § 56-5 (2d ed. 1981). Here, the superior court judge was sitting as an appellate court, not a trial court. Review pursuant to writ of certiorari of an administrative decision is based solely upon the record as certified. The superior court judge may not make additional findings. *Paving Co. v. Highway Commission*, 258 N.C. 691, 129 S.E.2d 245 (1963). The test is whether the findings of fact are supported by competent evidence in the record; if so, they are conclusive upon review. *Jamison v. Kyles*, 271 N.C. 722, 157 S.E.2d 550 (1967).

The court may not substitute its findings of fact for those of the agency. *Id.* The sole question before the trial court regarding this administrative proceeding was whether the decision of the Town Council of Chapel Hill was based upon findings of fact supported by competent evidence and whether such findings support the conclusion reached by the town. If even one of the reasons articulated by the town for denial of the subdivision permit is supported by valid enabling legislation and competent evidence on the record, the town's decision must be affirmed. *Jennewein v. City Council of Wilmington,* 62 N.C. App. 89, 93, 302 S.E.2d 7, 9, *disc. rev. denied,* 309 N.C. 461, 307 S.E.2d 365 (1983).

[3]   An examination of the administrative record which was correctly before the trial court on review reveals the four reasons set out by the Town Council in its resolution denying Dr. Batch's subdivision application. Again, these four reasons are that (1) the development is inconsistent with the orderly growth and development of the town; (2) the development does not have streets which coordinate with existing and planned streets and highways; (3) the development does not create conditions essential to the present and future public health, safety and general welfare; and (4) the development does not provide for the construction of community service facilities. These are the findings which were properly before the trial court for review under plaintiff's writ of certiorari challenging the permit denial. The three reasons listed by the trial court for the town's decision are facts found by the trial court, not the Town Council. Not only did the trial court lack authority to make such findings, they are not supported by the evidence. The record contains no evidence before the Town Council to support the trial court's findings.

After careful examination of the proper administrative record on appeal, we hold that there was competent, material and substantial evidence before the Chapel Hill Town Council at its 9 March 1987 hearing to support its second finding that Dr. Batch's subdivision application failed to take into account present and future road plans as set forth in the town's Thoroughfare Plan. At the 9 March 1987 council meeting, the council members were presented with a map of Dr. Batch's proposed subdivision overlaid with a map of the proposed Laurel Hill Parkway. Placed in juxtaposition with one another, these maps clearly illustrate that Dr. Batch's subdivision proposal would place four of eleven large residential building sites directly in the path of the proposed parkway. This evidence

alone is sufficient to support the findings contained in the second reason for the town's denial of the permit.

Further, we find no evidence in the record before the Town Council which would support any inference that the findings and decision of the council were not made in good faith. *Jamison v. Kyles,* 271 N.C. 722, 157 S.E.2d 550.

The Chapel Hill ordinance expressly requires that subdivision plans for streets and driveways shall be in compliance with and coordinate to Chapel Hill's transportation plan. Development Ordinance, § 6.5.1. We hold that failure to comply with this ordinance is a sufficient basis to support the council's refusal to approve plaintiff's subdivision plan. *See Liles v. City of Gresham,* 66 Or. App. 59, 672 P.2d 1229 (1983); *Board of Cty. Com'rs, Etc. v. Gaster,* 285 Md. 233, 401 A.2d 666 (1979); *Seal v. Mapleton City,* 598 P.2d 1346 (Utah 1979). *See generally* Mandelker, *Land Use Law* § 9.09 (2d ed. 1988).

In view of our decision upholding the town's denial of approval of plaintiff's proposed subdivision for the reasons discussed above, we find it unnecessary to review the other three reasons relied upon by the town in refusing to approve plaintiff's subdivision, and express no opinion as to the validity of these findings by the Town Council.

We hold that the Town Council properly denied plaintiff's petition for approval of her subdivision. The decision of the Court of Appeals contrary to this holding is reversed.

[4] Having determined that there is sufficient evidence on the administrative record to support the Town Council's conclusion that Dr. Batch's proposed subdivision failed to coordinate with existing and planned streets, we next turn to the related questions of whether the town had the authority to impose such a requirement and whether the town's resolution supporting the permit denial was unconstitutionally vague. Under N.C.G.S. § 160A-372, a town is clearly authorized to require a developer to take future as well as present road development into account when designing a subdivision. *See* N.C.G.S. § 153A-331 for parallel authority for counties. A requirement that a subdivision design accommodate future road plans is not necessarily tantamount to compulsory dedication. Rather, such a requirement might legitimately compel a developer to anticipate planned road development in some logical manner when designing a proposed subdivision.

We hold that in the case before us, the Town of Chapel Hill had authority under its Development Ordinance as authorized by N.C.G.S. § 160A-372 to require Dr. Batch to take future road plans into account in designing her subdivision and further find that denial of her permit for her failure to do so was neither *ultra vires* nor unconstitutionally vague.

[5]  We next turn to the question of the propriety of the trial court's decision to grant summary judgment in favor of the plaintiff on the issues raised in her complaint. While the decision to consider a summary judgment motion on the writ of certiorari was improper, it was proper for the motion for summary judgment to come before the trial court on the questions raised in the complaint.

However, in this case the Court of Appeals erred in affirming in part the trial court's granting of summary judgment for the plaintiff upon the causes of action alleged in her complaint. Plaintiff's complaint is based solely upon the alleged improper refusal by the Town Council to approve her subdivision plans. As a result of this alleged improper action, plaintiff alleges that her property has been taken without just compensation, and without due process of law, and that she is entitled to equitable relief and damages. We do not find it necessary to review or decide any of plaintiff's constitutional claims or other issues arising upon her complaint.

It having been determined in this opinion that the Town Council of Chapel Hill properly denied approval of plaintiff's subdivision plan, plaintiff is not as a matter of law entitled to partial summary judgment on her constitutional statutory claims. To the contrary, summary judgment should have been entered for the defendant. The foundation of plaintiff's alleged causes of action having been determined against plaintiff, defendant is entitled to summary judgment in its favor, and plaintiff's complaint should be dismissed. The doctrine of res judicata treats a final judgment as the full measure of relief to be accorded between the same parties on the same claim. To apply the doctrine, there must be a final judgment on the merits in another suit with an identity of issues and parties in the two cases. *State ex rel. Utilities Comm. v. Public Staff*, 322 N.C. 689, 370 S.E.2d 567 (1988). Applying this law to the plaintiff's cause of action alleged in her complaint, we conclude that she is barred by the doctrine of res judicata from reasserting her claim that the town unlawfully denied approval of her subdivision plan. The fact that the original claim arose in a quasi-judicial

administrative hearing does not affect this result. A final judicial determination of the claim has been rendered by this Court. Furthermore, the fact that plaintiff's complaint alleges violations of 42 U.S.C. § 1983 does not affect our holding. *See University of Tennessee v. Elliott*, 478 U.S. 788, 92 L. Ed. 2d 635 (1986) (State court judgments must be given both issue and claim preclusive effect in subsequent 42 U.S.C. § 1983 actions). The decision of the Court of Appeals to the contrary is reversed.

Our decision is based solely upon adequate and independent state grounds. *Michigan v. Long*, 463 U.S. 1032, 77 L. Ed. 2d 1201 (1983).

We note that plaintiff is not foreclosed from filing another petition with the Town of Chapel Hill for the development of her property as a subdivision or for other use of it.

The case is remanded to the Court of Appeals for further remand to the Superior Court, Orange County for further proceedings not inconsistent with this opinion.

Reversed and remanded.