54 F.3d 772
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Dierdre V. BATCH, Plaintiff-Appellant,
v.
TOWN OF CHAPEL HILL, NORTH CAROLINA, Defendant-Appellee.
 No. 94-1657.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 3, 1995.
Decided: May 19, 1995.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Richard C. Erwin, Senior District Judge. (CA-93-35)
 ARGUED: Michael Bannon Brough, Michael W. Brough & Associates, Chapel Hill, NC, for Appellant. Ralph Douglas Karpinos, Chapel Hill, NC, for Appellee. ON BRIEF: William C. Morgan, Jr., Michael W. Brough & Associates, Chapel Hill, NC, for Appellant. Patricia L. Holland, Susan K. Burkhart, Cranfill, Sumner & Hartzog, L.L.P., Raleigh, NC, for Appellee.
 M.D.N.C.
 VACATED AND REMANDED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Dierdre Batch (Batch) brought suit in the Superior Court of Orange County against the Town of Chapel Hill (Town), seeking that the superior court, by certiorari, review the Town's decision to deny her a subdivision permit application. See N.C. Gen.Stat. Secs. 160A-381, 160A-388(e) (Michie 1987). Joined with her certiorari petition, Batch brought constitutional takings claims, asserting that her propery was taken without just compensation in violation of the Fifth and Fourteenth Amendments. The Supreme Court of North Carolina concluded that the certiorari petition and the takings claims were improperly joined, ruled that there was substantial evidence to support the Town's denial of the subdivision permit application, but declined to address Batch's takings claims, resting its decision on independent state-law grounds. See Batch v. Town of Chapel Hill, 387 S.E.2d 655 (N.C.), cert. denied, 496 U.S. 931 (1990). Subsequently, Batch filed a complaint in federal district court, again alleging that her property was taken without just compensation in violation of the Fifth and Fourteenth Amendments. The district court dismissed her suit for want of subject matter jurisdiction, see Fed.R.Civ.P. 12(b)(1), concluding that Batch was improperly seeking direct review of the statecourt judgment in the federal district court in violation of District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Batch appeals. Concluding that the district court has jurisdiction to entertain this suit, we vacate and remand this action to the district court, but note that the district court may consider staying proceedings pending action by the North Carolina courts.
 
 I.
 A.
 
 2
 The material facts of this case are recited in the opinions of the North Carolina Court of Appeals, see 376 S.E.2d 22 (N.C. Ct.App. 1989), rev'd, 387 S.E.2d 655 (N.C.1990), and the North Carolina Supreme Court, see 387 S.E.2d 655 (N.C.1990), and we need not repeat them in detail here. For purposes of this appeal, three facts are material. One, the Supreme Court of North Carolina concluded that Batch improperly joined her certiorari petition to review the denial of her subdivision permit with her takings claims. See id. at 661-62. Two, with respect to her certiorari petition, the Supreme Court of North Carolina determined that the Orange County Superior Court erred in substituting its judgment for that of the Town's. Sitting as an appellate court reviewing the town council's actions, the superior court was bound to sustain the findings of the town council provided they were supported by competent, substantial evidence, and here, the findings were so supported; accordingly, the superior court erred in holding to the contrary and granting summary judgment in favor of Batch with respect to her subdivision permit application. See id. at 662. Three, with respect to the takings claims, the Supreme Court of North Carolina found reaching those claims unnecessary to its disposition, stating that its "decision is based solely upon adequate and independent state grounds," id. at 664, and the superior court and court of appeals erred to any extent that they resolved the takings claims in favor of Batch, see id. at 663-64. The Supreme Court of North Carolina, therefore, never finally resolved Batch's takings claims.
 
 B.
 
 3
 Batch unsuccessfully petitioned the Supreme Court of the United States to review the judgment of the Supreme Court of North Carolina. See Batch v. Town of Chapel Hill, N.C., 496 U.S. 931 (1990). Subsequently, Batch filed a two-count complaint in the United States District Court for the Middle District of North Carolina. In Count I, Batch alleged that the Town's refusal to permit her to subdivide her property until a portion of it was dedicated for Laurel Hill Parkway constituted a temporary taking without just compensation in violation of the Fifth and Fourteenth Amendments. In Count II, Batch alleged that the Town's refusal to permit her to subdivide her property until she granted a right-of-way along Old Lystra Road constituted a temporary taking without just compensation in violation of the Fifth and Fourteenth Amendments.
 
 
 4
 The district court, concluding that it lacked subject matter jurisdiction, dismissed Batch's complaint. See Fed.R.Civ.P. 12(b)(1). First, the district court concluded that the underlying state proceedings, i.e., the Town's denial of her subdivision permit application, were judicial in nature because the specific rights of the parties were investigated and declared. Second, the district court held that Batch's constitutional claims were "inextricably intertwined" with the merits of the state-court proceedings; thus, the district court held that Batch was seeking direct review of the merits of her state-court judgment in the federal district court, thereby violating Feldman.
 
 
 5
 Batch appeals, contending that Feldman does not preclude subject matter jurisdiction in the federal district court. Conversely, the Town asserts that, stripped to its essentials, Batch is improperly seeking direct review of the state-court judgment in the federal district court. Our review of a Rule 12(b)(1) dismissal is plenary. See Black Hills Aviation, Inc. v. United States, 34 F.3d 968, 972 (10th Cir.1994).
 
 II.
 A.
 
 6
 The district court concluded that it lacked jurisdiction to entertain this action pursuant to Feldman. The district court reasoned that, because Batch's suit sought direct review of a state-court judgment, only the Supreme Court, not lower federal courts, could entertain this action. In Feldman, Feldman unsuccessfully sought admission into the District of Columbia bar because he had not, contrary to District of Columbia bar rule, graduated from an accredited law school. Id. at 465-66. Feldman unsuccessfully petitioned the District of Columbia Court of Appeals[1] to waive the rule because he contended he was qualified to practice law and was a member of the Virginia and Maryland bars. Id. at 466. Failing in the state courts, Feldman then filed a complaint in the United States District Court for the District of Columbia, raising essentially two claims. First, Feldman alleged that the District of Columbia Court of Appeals erred in failing to waive its rule on his behalf (waiver claim). Second, he averred that the bar rule violated the Fifth Amendment to the United States Constitution and the antitrust[2] laws (federal claim). Id. at 468-69 & nn. 3, 18. The federal district court dismissed his suit, stating that it lacked subject matter jurisdiction to review directly the judgment of the state courts. Id. at 468-70. Subsequently, Feldman appealed to the United States Court of Appeals for the District of Columbia Circuit, which reversed, holding that the bar criteria proceedings in the District of Columbia Court of Appeals were administrative, not judicial, in nature. Id. at 474-75. Concluding that because Feldman had merely requested the district court to make a policy decision, i.e., grant him waiver of the rule, not adjudicate a right, the District of Columbia Circuit held that review of the state judgment was not being sought, and thus the district court had jurisdiction.
 
 
 7
 The Supreme Court, however, vacated and remanded, holding that the district court lacked jurisdiction over Feldman's waiver claim, but that it had jurisdiction over his federal claim. With respect to the waiver claim, the Court explained that the critical inquiry in determining whether a litigant was seeking direct review of a state-court judgment in the federal district court was whether the underlying state proceedings were "judicial" in nature. Id. at 476-77. In resolving this inquiry, the Court focused on the action and prospectivity taken by the state tribunal:
 
 
 8
 A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation on the other hand looks to the future and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power.
 
 
 9
 Id. at 477 (quoting Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 226 (1908)). Given the variety of tribunals a modern litigant may face, the Court concluded that in resolving the nature of the inquiry, the focus is on " 'the character of the proceedings,' " rather than " 'the character of the body' " conducting the proceedings. Id. (quoting Prentis, 211 U.S. at 226). Eschewing form over substance, the Court opined that the form of the proceedings is not dispositive of whether they are judicial in nature, but rather the effect of the proceedings is controlling. Id. at 482. Applying these principles, the Feldman Court concluded that Feldman's waiver claim was judicial in nature because rights were investigated, declared, and enforced. Id. at 479. In reaching this conclusion, the Court explained that the essence of the state proceedings was to declare rights and remedies, not articulate a new rule binding on the state tribunals and future litigants. Id. The essence of adjudication being the declaration of rights, the Court ruled that the waiver claim fell within the ambit of a judicial inquiry because Feldman wanted an existing right enforced. Id. at 480. Because the tribunal adjudicating the right was the locality's court of last resort, the character of the body was judicial in nature. Feldman's waiver claim being "inextricably intertwined" with the state proceedings, the federal district court had no jurisdiction of this portion of his complaint. Under these circumstances, therefore, the district court lacked subject matter jurisdiction over Feldman's waiver claim.
 
 
 10
 With respect to Feldman's federal claim, however, the Court explained that this claim had to be examined to determine whether Feldman mounted "a general challenge to the constitutionality" of the District of Columbia bar rule because district courts do have jurisdiction over nonjudicial proceedings that question the constitutionality of state law. Id. at 482-84. Indeed, adjudicating claims that implicate the United States Constitution is one of the limited grounds upon which federal courts exercise jurisdiction. Accordingly, if a general challenge to the validity of state law is mounted, the federal district court has jurisdiction to entertain the claim. Id. at 486. Applying this precept, the Feldman Court concluded that the district court had jurisdiction over Feldman's federal claim because it challenged, on Fifth Amendment grounds: (1) whether the rule created an irrebuttable presumption that only graduates of accredited law schools were fit to practice law; (2) discriminated against those seeking to practice law without having attended an accredited law school; and (3) impermissibly delegated the power of the District of Columbia Court of Appeals to regulate the practice of law to the bar. Id. at 487. Given that Feld man was mounting a general challenge to the validity of state law on federal constitutional grounds, the federal district court had jurisdiction to entertain his federal claim.
 
 B.
 
 11
 Applying Feldman to this suit, we conclude that the district court erred in dismissing Batch's complaint for lack of subject matter jurisdiction. Here, Batch's claims were not addressed, let alone resolved, against her. Indeed, the Supreme Court of North Carolina expressly declined to adjudicate them:
 
 
 12
 [I]n this case, the Court of Appeals erred in affirming in part the trial court's granting of summary judgment for[Batch] upon the causes of action alleged in her complaint. [Batch's] complaint is based solely upon the alleged improper refusal by the Town Council to approve her subdivision plans . As a result of this alleged improper action, [Batch] alleges that her property has been taken without just compensation, and without due process of law, and that she is entitled to equitable relief and damages. We do not find it necessary to review or decide any of [Batch's] constitutional claims or other issues arising upon her complaint.
 
 
 13
 Batch, 387 S.E.2d at 663 (emphasis added). Continuing in this vein, the Supreme Court of North Carolina stated that because Batch's subdivision permit application was properly denied, Batch was not entitled to summary judgment on her takings claims based solely on the denial of her subdivision permit. Id. As though there were any doubt that Batch's federal claims were not addressed, the court dispelled any possibility by closing with the observation that its "decision [was] based solely upon adequate and independent state grounds," id. at 664. The Supreme Court of North Carolina concluded that the denial of Batch's subdivision permit application was proper because it did not consider the thoroughfare that the Town was planning. Based on this denial, there was no taking because Batch premised her takings claims solely on the denial of this application. The Supreme Court of North Carolina's ruling, therefore, emphasized that it was confined to ruling on the propriety of the denial of her subdivision permit application, not the possible consequences that may flow from this denial.
 
 
 14
 Resolution of Batch's takings claims, therefore, is another matter entirely. While the denial of her subdivision permit was proper, the Supreme Court of North Carolina did not address the issue of whether the planned thoroughfare--along with its accompanying limitations and restrictions on the use of her property--constituted a taking without just compensation. See id. at 663-64. The court, therefore, carefully delineated its holding with respect to the denial of the subdivision permit application from any consideration that the planned thoroughfare itself, with its inherent and immediate restrictions on the use and enjoyment of the property, amounted to a taking without just compensation. As delineated by the court, the takings claims were yet to be addressed. Thus, in reversing, the Supreme Court of North Carolina remanded the suit to the superior court for any further proceedings consistent with its opinion, thereby recognizing that Batch was not barred from raising the takings claims on remand. We believe that in remanding for further proceedings consistent with its opinion, the Supreme Court of North Carolina was instructing the lower courts to address the takings claims, not on the basis of the denial of the subdivision permit, but on consideration of whether the planned thoroughfare through her property, with its inherent limitations and restrictions on the development of the property, constituted a taking without just compensation. This remand recognizes the distinction between the denial of the subdivision permit application and the possible consequences that may result from the planned thoroughfare through Batch's property.
 
 
 15
 In this proceeding, Batch's complaint pled two federal claims, the gravamen of these claims being that the Town took her realty without just compensation in violation of the Fifth and Fourteenth Amendments to the Constitution. Pleading federal claims that were not addressed by the state courts--in fact explicitly not addressed by the state courts--the district court had jurisdiction to entertain this suit. Of course, to any extent that Batch is seeking direct review of the state-court judgment in the proceedings that follow our opinion, they are barred under Feldman.
 
 III.
 
 16
 Concluding that Feldman does not deprive the district court of jurisdiction, we vacate the order of the district court and remand for any further proceedings consistent with our opinion. Although we chart no specific course for the district court to follow on remand, we observe that staying any action in the federal district court, but for only a limited period, may be prudent pending resolution of Batch's takings claims in the state courts.
 
 VACATED AND REMANDED
 
 
 [1]
 For ease of reference, we refer to the courts, proceedings, and judgments of the District of Columbia as "state courts, proceedings, and judgments," even though we realize that the District of Columbia is not a state. The courts, proceedings, and judgments of the District of Columbia are the analogue of the state courts
 
 
 [2]
 The District of Columbia Circuit affirmed dismissal of the antitrust claims, Feldman, 460 U.S. at 474, and the Supreme Court denied review of the disposition of those claims, id. at n. 11