METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, PLAINTIFF-APPELLEE v. PAUL DAVID LINDQUIST, DARLA R. LINDQUIST AND NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, DEFENDANT-APPELLANT

No. COA94-1445

(Filed 21 November 1995)

**Insurance § 516 (NCI4th)— out of state insurer of owner—in state insurer of driver—driver's coverage primary— owner's policy not "collectible insurance"**

The driver's in-state insurer, Farm Bureau, rather than the owner's out-of-state insurer, Metropolitan, provided primary coverage for an accident, since Farm Bureau's "other insurance" provision stated that "any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance"; the "out of state" clause of Metropolitan's policy provided that "coverage [for another state's financial responsibility act] shall be reduced to the extent that other automobile liability insurance applies"; this clause thus excluded coverage where the out-of-state compulsory insurance law was satisfied by the driver's policy; the Metropolitan policy did not, until the limits of the Farm Bureau policy were exhausted, provide coverage for the accident; and the Metropolitan policy thus was not "collectible insurance" for purposes of Farm Bureau's "other insurance" provision.

**Am Jur 2d, Automobile Insurance § 432.**

Appeal by Defendant from judgment entered 12 September 1994 by Judge Knox V. Jenkins in Cumberland County Superior Court. Heard in the Court of Appeals 3 October 1995.

*Anderson, Broadfoot, Johnson, Pittman, Lawrence & Butler, by Steven C. Lawrence and Suzanne M. Fenzel, for defendant-appellant North Carolina Farm Bureau Mutual Insurance Company.*

*Cansler, Lockhart, Campbell, Evans & Garlitz, P.A., by Thomas D. Garlitz, for plaintiff-appellee.*

MARTIN, MARK D., Judge.

Defendant North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau) appeals from summary judgment granted to plaintiff Metropolitan Property & Casualty Insurance Company (Metropolitan). We affirm.

This appeal arises from a declaratory judgment action filed by Metropolitan to determine the amount, if any, of its liability for the 21 August 1991 automobile accident (Accident) between Paul D. Lindquist (Paul) and his then wife, Darla R. Lindquist (Darla).

On 21 August 1991 Paul, while driving a 1978 Plymouth automobile (Plymouth), collided with a 1984 Dodge automobile (Dodge) being driven by Darla on Rural Paved Road 2014. At all times pertinent to this case: (1) the Plymouth was owned by Paul's father, an Ohio resident; (2) the Dodge was jointly owned by Paul and Darla; (3) the Plymouth was insured by Metropolitan under policy no. 000 99 8171 0 (Metropolitan Policy) issued to Paul's father; and (4) the Dodge was insured by Farm Bureau under policy no. AP3825229 (Farm Bureau Policy) issued to Paul and Darla. Further, on 21 August 1991, Paul and Darla were still married and living together.

On 18 August 1992, Darla instituted a civil action against her then estranged husband to recover for personal and property damages arising out of the Accident. It is undisputed Paul is an insured under both policies. Metropolitan, however, denied coverage asserting Darla's claims fell within the general exclusions of its policy.

On 22 August 1994, Farm Bureau moved for summary judgment. The trial court determined there was no genuine issue of material fact and ruled the damages to property and person claimed by Darla were not covered by the Metropolitan Policy.

On appeal, Farm Bureau contends the trial court erred by granting summary judgment to Metropolitan on the grounds: (1) a genuine

METROPOLITAN PROP. AND CASUALTY INS. CO. v. LINDQUIST

[120 N.C. App. 847 (1995)]

issue of material fact existed as to whether Paul and Darla resided in the same household; and (2) the Metropolitan Policy provided primary insurance coverage in this case.

A trial court's grant of summary judgment is fully reviewable by this Court because the trial court rules only on questions of law. *Va. Electric and Power Co. v. Tillett*, 80 N.C. App. 383, 384-385, 343 S.E.2d 188, 191, *cert. denied*, 317 N.C. 715, 347 S.E.2d 457 (1986). Thus, this Court must determine whether on the basis of the materials presented to the trial court, there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law. *Oliver v. Roberts*, 49 N.C. App. 311, 314, 271 S.E.2d 399, 401 (1980), *cert. denied*, —— N.C. ——, 276 S.E.2d 283 (1981).

Initially we note Farm Bureau has failed to offer any argument, precedent, or evidence to support its contention a genuine issue of material fact existed as to whether Paul and Darla resided in the same household. Accordingly, we deem this assignment of error abandoned. *See* N.C.R. App. P. 28(b)(5).

We now consider Farm Bureau's allegation that Metropolitan was not entitled to summary judgment.

Farm Bureau contends the Metropolitan Policy must provide Paul with, at a minimum, the amount of coverage mandated by our Motor Vehicle and Financial Responsibility Act (Act), N.C. Gen. Stat. § 20-279.1, *et seq.* (1993). To support its argument, Farm Bureau correctly asserts:

It is well recognized in North Carolina that the provisions of a statute applicable to insurance policies are a part of the policy to the same extent as if therein written, and when the terms of the policy conflict with statutory provisions favorable to the insured, the provisions of the statute will prevail.

*Insurance Co. v. Casualty Co.*, 283 N.C. 87, 91, 194 S.E.2d 834, 837 (1973). We note, consistent with the above rule, that either the Metropolitan Policy or the Farm Bureau Policy would provide Paul with the coverage mandated by the Act had the other policy not been in existence. See *Insurance Co. v. Insurance Co.*, 269 N.C. 341, 152 S.E.2d 436 (1967); N.C. Gen. Stat. § 20-279.21(j) (1993).

Nevertheless, both policies are in effect and this Court must therefore determine whether the trial court erred in ruling the Farm

Bureau Policy provides primary coverage for the damages Darla suffered in the Accident.

Farm Bureau, seeking to impose the duty of primary coverage upon Metropolitan, cites JAMES E. SNYDER, JR., NORTH CAROLINA AUTOMOBILE INSURANCE LAW § 4-1 (2d ed. 1994), for the proposition that where, as here, two policies exist—driver and owner—"primary coverage in North Carolina is provided by the vehicle owner's policy." In jurisdictions which accept this proposition as law, courts ordinarily limit its application to actions involving the construction of opposing "Other Insurance" provisions where one of the policies contains an excess insurance clause pertaining to coverage of vehicles not owned by the insured and the other a pro rata clause. *See* GEORGE J. COUCH, CYCLOPEDIA OF INSURANCE LAW §§ 62:60 and 62:73 (2d ed. 1983).

We note the instant action does not involve the construction of opposing "Other Insurance" clauses. Rather, our task is construction of Farm Bureau's "Other Insurance" provision and Metropolitan's "Out of State Insurance" provision. Further, while Farm Bureau's "Other Insurance" provision contains an excess clause pertaining to coverage of vehicles not owned by Paul, we believe Metropolitan's "Out of State Insurance" provision contains a no liability or escape clause, not a pro rata clause. Therefore, even assuming this Court adopted the proposition that the vehicle owner's policy provides primary coverage, *see* SNYDER, NORTH CAROLINA AUTOMOBILE INSURANCE LAW § 4-1, we nonetheless believe it is inapplicable to the present case.

We find instructive, however, our Supreme Court's ruling that where two policies satisfy the Act's coverage requirements, the driver's insurance carrier, depending on the language of the policies, provides primary coverage. *See United Services Auto. Assn. v. Universal Underwriters Ins. Co.*, 332 N.C. 333, 334, 420 S.E.2d 155, 156 (1992); *Insurance Co. v. Insurance Co.*, 269 N.C. 341, 345, 152 S.E.2d 436, 440 (1967). As the Supreme Court stated, "an insurer by the terms of its policy could exclude liability coverage under [the owner's] policy if the driver of a vehicle . . . was covered under his own policy for the minimum amount of liability coverage required by the Motor Vehicle Financial Responsibility Act, N.C.G.S. § 20-279.1 *et seq.*" *United Services*, 332 N.C. at 334, 420 S.E.2d at 156. Therefore, whether Metropolitan (owner's insurer) or Farm Bureau (driver's insurer) provides primary coverage for the Accident is controlled by the terms and exclusions within each policy.

METROPOLITAN PROP. AND CASUALTY INS. CO. v. LINDQUIST

[120 N.C. App. 847 (1995)]

Insurance policies are considered contracts between two parties. *Insurance Co.*, 269 N.C. at 346, 152 S.E.2d at 440. The court's main purpose in interpreting contracts is to ascertain the intention of the parties. *International Paper Co. v. Corporex Constructors, Inc.*, 96 N.C. App. 312, 317, 385 S.E.2d 553, 556 (1989). The plain language of the contract is the clearest indicator of the parties' intentions. *Dunes South Homeowners Assn. v. First Flight Builders*, 117 N.C. App. 360, 367, 451 S.E.2d 636, 640 (1994) (*quoting Cleland v. Children's Home, Inc.*, 64 N.C. App. 153, 156, 306 S.E.2d 587, 589 (1983)). Further, "it is the duty of the court to construe an insurance policy as it is written, not to rewrite it and thus make a new contract for the parties." *Insurance Co.*, 269 N.C. at 346, 152 S.E.2d at 440.

The amount of Farm Bureau's present liability is governed by its "Other Insurance" provision which states, in pertinent part, "any insurance we provide for a vehicle you do not own shall be <u>excess over any other collectible insurance</u>." (emphasis added). Absent coverage mandated by the Act, as already indicated, the Metropolitan Policy does not provide "collectible insurance," within the meaning of the Farm Bureau Policy, unless its "Out of State Insurance" provision acknowledges coverage under the present facts. We believe the plain language of the "Out of State" clause—"coverage [for another state's financial responsibility act] shall be reduced to the extent that other automobile liability insurance applies"—excludes coverage where the out-of-state compulsory insurance law is satisfied by the driver's policy.

In the present action, Farm Bureau does not contest: (1) it covers Paul as mandated by the Act; and (2) the $20,000 settlement in this case is within the limits of the Farm Bureau Policy. Thus, we conclude the Farm Bureau Policy represents "other automobile insurance" as envisioned under the plain language of the Metropolitan Policy. Therefore, the Metropolitan Policy does not, until the limits of the Farm Bureau Policy are exhausted, provide coverage for the Accident. In other words, the Metropolitan Policy is not "collectible insurance" for purposes of Farm Bureau's "Other Insurance" provision.

Finally, we note our holding is not intended to imply the driver's policy should provide primary coverage in all factual settings. In the instant action, however, we believe our holding allocates responsibility to the party in the best position to avoid loss altogether—the driver.

Accordingly, we hold the trial court did not err in granting summary judgment because there exists no genuine issue as to any material fact and Metropolitan was entitled to judgment as a matter of law.

Affirmed.

Judges LEWIS and WALKER concur.