CARL D. BUCKLAND, SR., AND NORTHFIELD DEVELOPMENT COMPANY, INCOR-
PORATED, PLAINTIFFS V. THE TOWN OF HAW RIVER, A POLITICAL SUBDIVISION OF
THE STATE OF NORTH CAROLINA, DEFENDANT

No. COA99-1347

(Filed 29 December 2000)

1. **Cities and Towns— approval of subdivision plat—improperly required to pave, curb, and gutter streets abutting subdivision**

The trial court erred by granting defendant's motion for summary judgment thereby effectively requiring plaintiffs to improve or construct roads that abut or extend beyond their development as a condition of approving plaintiffs' subdivision plat, because: (1) defendant had no authority under N.C.G.S. § 160A-372 to require plaintiffs to pave, curb, and gutter streets abutting their subdivision when these streets were not within plaintiffs' subdivision; and (2) although defendant had the option of requiring plaintiffs to provide funds for road construction under N.C.G.S. § 160A-372, there is no evidence that defendant sought such funds, nor does it appear that defendant's subdivision ordinance contains a provision allowing this action.

2. **Cities and Towns— annexed territory—adequate maintenance of streets—summary judgment improper**

The trial court erred by granting summary judgment in favor of defendant on plaintiffs' claim that the pertinent street in an annexed territory has not been adequately maintained because a question of fact exists since the record is undeveloped as to the current state of repair of the street and the customary maintenance provided by defendant on similar streets.

Appeal by plaintiffs from judgment entered 2 August 1999 by Judge James C. Spencer, Jr., in Alamance County Superior Court. Heard in the Court of Appeals 11 October 2000.

*Smith, James, Rowlett & Cohen, L.L.P., by J. David James, for plaintiff-appellants.*

*Averett Law Offices, by D. Melissa Averett, for defendant-appellee.*

BUCKLAND v. TOWN OF HAW RIVER

[141 N.C. App. 460 (2000)]

EDMUNDS, Judge.

Plaintiffs, Carl Buckland, Sr. and Northfield Development Co., Inc., appeal the trial court's order granting defendant Town of Haw River's, motion for summary judgment and denying plaintiffs' motion for summary judgment. We reverse.

On 21 July 1956, A.C. Simpson and his wife Hazel P. Simpson (the Simpsons) filed a plat for registration with the Alamance County Register of Deeds. The plat shows a road in the shape of a squared-off horseshoe, which begins and ends at U.S. Highway 70 (now U.S. Highway 70A). The eastern prong of the horseshoe is labeled Hollar Street and the western prong is labeled Fairview Street. There is no defined place along the horseshoe where Fairview Street becomes Hollar Street, although the transition appears to occur along a straight portion of the road furthest from Highway 70A. A copy of the plat is attached to this opinion and made part thereof. On 8 August 1972, the Simpsons deeded a right-of-way for the horseshoe-shaped road to the State Highway Commission, and on 6 October 1983, Ms. Simpson deeded 7.6 acres of her land to plaintiff Carl Buckland and his wife Anita Buckland (the Bucklands).

Defendant annexed certain property that included the 7.6 acres owned by plaintiffs on 1 June 1986, and all property owners in the annexed area began paying municipal taxes. In 1987, after assessing the appropriate property owners, defendant extended sewer service into the newly annexed area; after another assessment, defendant extended water to the area in 1997.

In 1997 and thereafter, plaintiffs requested that defendant approve a subdivision plat dividing plaintiffs' property into eleven lots. The land plaintiffs sought to subdivide primarily rested south of and adjacent to the section of the horseshoe farthest from U.S. Highway 70A where Hollar and Fairview Streets merge, although a section of plaintiffs' property rested adjacent to the west side of Fairview Street. On 4 August 1998, defendant notified plaintiffs that the Town Council of Haw River had approved plaintiffs' subdivision plat with the condition that plaintiffs "adhere to the subdivision regulations regarding the improvement of the public right-of-way and unopened portion of Fairview and Hollar Streets," specifically instructing plaintiffs that its "subdivision ordinance requires paving and curb and gutter."

Plaintiffs filed a complaint seeking an "Order in the nature of Mandamus requiring [defendant] to (1) approve their subdivision

request" without restrictions; and (2) "provide adequate street maintenance to the Fairview Street area."

> Mandamus is the proper remedy to compel public officials to perform a purely ministerial duty imposed by law; it generally may not be invoked to review or control the acts of public officers respecting discretionary matters. However, mandamus will lie to review discretionary acts when the discretion appears to have been abused or the action taken arbitrarily, capriciously, or in disregard of law.

*In re Alamance County Court Facilities*, 329 N.C. 84, 104, 405 S.E.2d 125, 135 (1991) (citations omitted). Our Supreme Court has held that mandamus is the proper procedure to compel officials to issue a building permit when the plaintiff shows he has met all the requirements for a permit. *See Lee v. Walker*, 234 N.C. 687, 68 S.E.2d 664 (1952). Both plaintiffs and defendant moved for summary judgment, and the trial court granted defendant's motion and denied plaintiffs' motion. Plaintiffs appeal.

A trial court may grant a motion for summary judgment where there is no genuine issue of material fact and where the movant is entitled to judgment as a matter of law. *See* N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971). "A trial court's grant of summary judgment is fully reviewable by this Court because the trial court rules only on questions of law." *Metropolitan Prop. and Casualty Ins. Co. v. Lindquist*, 120 N.C. App. 847, 849, 463 S.E.2d 574, 575 (1995) (citation omitted).

I.

[1] Plaintiffs contend that the trial court erred by granting defendant's motion for summary judgment, thereby effectively requiring that plaintiffs improve or construct roads that abut or extend beyond their development. By granting defendant's motion, the trial court found as a matter of law that defendant can require plaintiffs to pave, curb and gutter all of Fairview and Hollar Streets as a condition of approving plaintiffs' subdivision plat.

Our Supreme Court has held that if the reason articulated by a town for denial of a subdivision permit is supported by valid enabling legislation and competent evidence on the record, the decision must be affirmed. *See Batch v. Town of Chapel Hill*, 326 N.C. 1, 12, 387 S.E.2d 655, 662 (1990). Conversely, "[a] subdivision plat

may not be disapproved where the . . . developer fails or refuses to comply with unauthorized or irrelevant conditions." 8 Eugene McQuillin, *The Law of Municipal Corporations* § 25.118.30, at 373 (3d ed. 2000 rev. ed.).

We open our analysis by reviewing the statutes pertaining to subdivision regulation. "Statutory interpretation properly begins with an examination of the plain words of the statute." *Correll v. Division of Social Services*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992) (citation omitted). Chapter 160A of the General Statutes of North Carolina contains enabling legislation for city and town ordinances. Section 160A-372 grants municipalities certain powers they may include in a subdivision control ordinance. N.C. Gen. Stat. § 160A-372 (1999). As to street construction, this statute reads in pertinent part, "[a] subdivision control ordinance may provide for the orderly growth and development of the city; for the coordination of streets and highways *within* proposed subdivisions with existing or planned streets and highways and with other public facilities." *Id.* (emphasis added). Accordingly, a municipality's subdivision ordinance may require a developer to consider existing or planned streets when it plats streets or highways within its subdivision, *see Batch*, 326 N.C. 1, 387 S.E.2d 655, but the statute does not empower municipalities to require a developer to build streets or highways *outside* its subdivision.

However, municipalities are not powerless to require developers to bear the cost of road construction outside the subdivision that is made necessary, in part or in full, because of the proposed subdivision. Doing so involves a tradeoff for the municipality. The last paragraph of N.C. Gen. Stat. § 160A-372 provides:

> The ordinance may provide that in *lieu of required street construction*, a developer may be required to provide funds that the city may use for the construction of roads to serve the occupants, residents, or invitees of the subdivision or development and these funds may be used for roads which serve more than one subdivision or development within the area. All funds received by the city pursuant to this paragraph shall be used only for development of roads, including design, land acquisition, and construction. However, a city may undertake these activities in conjunction with the Department of Transportation under an agreement between the city and the Department of Transportation. Any formula adopted to determine the amount of funds the developer is to pay *in lieu of required street construc-*

*tion* shall be based on the trips generated from the subdivision or development. The ordinance may require a combination of partial payment of funds and partial dedication of constructed streets when the governing body of the city determines that a combination is in the best interests of the citizens of the area to be served.

(Emphases added.) The only related earlier reference to street construction in the statute is the language previously quoted requiring developers to consider existing or planned streets and highways when platting streets and highways *within* the subdivision. However, also pursuant to the language quoted above, a municipality "in lieu of required street construction" may require a developer to provide funds to be used to construct roads both within and outside of a development. N.C. Gen. Stat. § 160A-372. If the municipality selects this alternative, it undertakes to build these roads itself and foregoes the option of compelling the developer to build its own roads within the development. The provision allowing for "partial payment of funds and partial dedication of constructed streets" supports this interpretation because a developer can only dedicate "constructed streets" that lie within the subdivision.

In the case at bar, defendant contends that plaintiffs can be required to pave, curb and gutter all of Fairview and Hollar Streets, arguing that because sections of plaintiffs' land abut one side of portions of these streets, the streets are within plaintiffs' subdivision. We disagree. *See Property Group, Inc. v. Planning and Zoning Com'n,* 628 A.2d 1277 (Conn. 1993) (affirming lower court's decision that road abutting developers land was off-site). The plat provided in the record indicates that at least twelve lots not owned by plaintiffs are also adjacent to Fairview or Hollar Streets. Six of plaintiffs' proposed eleven lots are adjacent to these roads, bordering the roads on one side. Because the Simpsons deeded a right-of-way for the horseshoe shaped road to the State Highway Commission on 8 August 1972, there is no contention that plaintiffs are the fee simple owners of the roads. Therefore, defendant had no authority under N.C. Gen. Stat. § 160A-372 to require plaintiffs to pave, curb and gutter streets abutting their subdivision because these streets were not within plaintiffs' subdivision. *See Nat'l Medical Enterprises, Inc. v. Sandrock,* 72 N.C. App. 245, 324 S.E.2d 268 (1985). In addition, although defendant had the option of requiring plaintiffs to provide funds for road construction pursuant to section 160A-372, there is no evidence that defendant sought such funds, nor does it appear that

defendant's subdivision ordinance contains a provision allowing this action. Accordingly, the trial court's grant of summary judgment for defendant, implicitly finding as a matter of law that defendant could compel plaintiffs to construct access roads, was error.

## II.

[2] Plaintiffs' complaint also alleged that defendant has not taken proper care of Fairview Street, stating that "[s]ince annexation, Defendant has failed to adequately maintain any portion of Fairview Street and all portions of said street are in need of maintenance and paving." Plaintiffs sought an "Order finding the Defendant in violation of N.C.G.S. [§] 160A-33 Declaration of Policy and N.C.G.S. [§] 160A-35 in failing to provide street maintenance services and directing Defendant to provide such services."

Section 160A-33 reads in pertinent part, "It is hereby declared as a matter of State policy: . . . (5) That areas annexed to municipalities in accordance with such uniform legislative standards should receive the services provided by the annexing municipality in accordance with G.S. 160A-35(3)." N.C. Gen. Stat. § 160A-33 (1999). Section 160A-35 sets forth prerequisites for annexation of an area by a municipality, providing:

A municipality exercising authority under this Part shall make plans for the extension of services to the area proposed to be annexed and shall, prior to the public hearing provided for in G.S. 160A-37, prepare a report setting forth such plans to provide services to such area. The report shall include:

. . . .

(3) A statement setting forth the plans of the municipality for extending to the area to be annexed each major municipal service performed within the municipality at the time of annexation. Specifically, such plans shall:

a. Provide for extending . . . street maintenance services to the area to be annexed on the date of annexation on substantially the same basis and in the same manner as such services are provided within the rest of the municipality prior to annexation.

N.C. Gen. Stat. § 160A-35(3)a (1999). Defendant's annexation ordinance provides,

Upon and after the 1st day of June, 1986, the above described territory and its citizens and property shall be subject to all debts, laws, ordinances and regulations in force in the (Town) of Haw River and shall be entitled to the same privileges and benefits as other parts of the (Town) of Haw River.

"The statutory remedy for owners of property in the annexed territory where 'the municipality has not followed through on its service plans . . .' is by writ of *mandamus.*" *Safrit v. Costlow*, 270 N.C. 680, 684, 155 S.E.2d 252, 255 (1967) (citation omitted). Plaintiffs sought this remedy, alleging defendant's inaction in maintaining Fairview Street is "unreasonable, arbitrary and capricious." *See In re Alamance County Court Facilities*, 329 N.C. 84, 405 S.E.2d 125. Fairview Street was in existence and appears on the plat accompanying defendant's ordinance annexing the area in dispute in 1986. Plaintiffs allege the street has been used by the public since at least 1983; in addition, plaintiff Buckland stated in an affidavit that defendant provided stone to smooth eroded portions of Fairview Street. Defendant has admitted installing a stop sign at Fairview and West Main Street. Accordingly, defendant is responsible for maintaining Fairview Street on "substantially the same basis and in the same manner as such service[] [was] provided within the rest of the municipality prior to annexation." N.C. Gen. Stat. § 160A-35(3)a; *see In re Annexation Ordinance*, 255 N.C. 633, 645, 122 S.E.2d 690, 699 (1961) (construing statutory equivalent of Section 160A-35(3)a, held "primary duty of street maintenance in the area in question, after annexation, is upon the city, and it must in good faith make plans to maintain the streets, whether paved or unpaved"); *Hooper v. City of Wilmington*, 42 N.C. App. 548, 550, 257 S.E.2d 142, 143 (1979) (holding that where various ditches and drainage systems in a watershed were in existence prior to annexation of area, the city accepted them by use or maintenance).

The key issue is whether defendant has fulfilled its duty to maintain Fairview Street. As stated previously, summary judgment is only appropriate where there is no genuine issue of material fact and where the movant is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c); *Kessing*, 278 N.C. 523, 180 S.E.2d 823. The record is undeveloped as to the current state of repair of Fairview Street and the customary maintenance provided by defendant on similar streets. Because we have only the parties' conflicting allegations, a question of fact exists. Accordingly, the trial court erred in granting summary judgment as to this claim.

**BUCKLAND v. TOWN OF HAW RIVER**

[141 N.C. App. 460 (2000)]

This case is remanded to the trial court for entry of an order granting plaintiffs' motion for summary judgment as to the issue relating to approval of plaintiffs' subdivision plat and denying defendant's summary judgment motion as to this issue. We further hold that the trial court erred in granting summary judgment to defendant as to plaintiffs' claim that Fairview Street has not been adequately maintained.

Reversed and remanded.

Judges GREENE and MARTIN concur.