PROGRESSIVE AMERICAN INSURANCE COMPANY AND TIMOTHY DASSINGER, PLAINTIFFS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, THERESA DASSINGER, TAMI PHILLIPS, AND JAMES STOKELY, DEFENDANTS

No. COA06-1032

(Filed 17 July 2007)

## 1. Gifts— donation of car to son—title still in mother

A mother who donated a car to her son owned the car at the time of an accident where the mother never transferred title of the car to the son.

## 2. Insurance— automobile—donated car—policy not automatically terminated

The automobile policy of a mother who donated a car to her son did not automatically terminate when the son purchased insurance on the car where the automatic termination clause of the mother's policy applied only if the named insured (the mother) obtained other insurance on the car, and the two policies at issue were procured by different persons.

## 3. Insurance— automobile—donated car—liability coverage—donee's policy—excess coverage

Where a mother donated a car to her son but never transferred title to the son, liability coverage under the son's automobile policy was excess over the liability coverage provided by the mother's policy since both policies made coverage excess with respect to a vehicle not owned by the named insured.

PROGRESSIVE AM. INS. CO. v. STATE FARM MUT. AUTO. INS. CO.

[184 N.C. App. 688 (2007)]

**4. Insurance— automobile—donated car—collision cover-
age—pro rata coverage by donor's and donee's policies**

Where a mother donated a car to her son but never trans-
ferred title to the son, and both the mother and son had collision
insurance on the car, both policies provided collision coverage
for the car on a pro rata basis because the car was not a "non-
owned auto" within the meaning of clauses in each policy making
collision coverage excess with respect to "a non-owned auto"
because the car was still owned by the mother and it was fur-
nished for the regular use of the son.

**5. Appeal and Error— preservation of issues—summary judg-
ment—failure to assign error to specific conclusion**

In reviewing a summary judgment order, a party's failure to
assign error to a specific conclusion of law made by the trial
court does not bind the appellate court to the result reached by
the lower court.

**6. Unjust Enrichment— insurance benefits—payment under
mistaken belief**

Where a mother donated a car to her son but never trans-
ferred title to him, the son and his automobile insurer were en-
titled to restitution based upon unjust enrichment from the
mother, her insurer and an accident victim for insurance benefits
paid by the son's insurer under the mistaken belief that the
mother had transferred title to the son because the son and his
insurer conferred a readily measurable benefit and did not do so
officiously or gratuitously.

Appeal by Plaintiffs from judgment entered 25 April 2006 by
Judge Orlando F. Hudson, Jr., in Wake County Superior Court. Heard
in the Court of Appeals 8 March 2007.

*Young Moore and Henderson P.A., by Brian O. Beverly, for
Plaintiffs-Appellants.*

*Hall, Rodgers, Gaylord & Millikan, PLLC, by Kathleen M.
Millikan and Jonathan E. Hall, for Defendants-Appellees State
Farm Mutual Insurance Company and Theresa Dassinger.*

STEPHENS, Judge.

On or about 11 January 2003, Defendant State Farm Mutual
Automobile Insurance Company ("State Farm") issued a personal

automobile insurance policy to Defendant Theresa Dassinger covering her 1993 Mazda automobile ("the Mazda"). The State Farm policy period was from 11 January 2003 through 31 August 2003. In March 2003, Theresa Dassinger gave the Mazda to her son, Plaintiff Timothy Dassinger, as a gift. Although Timothy Dassinger took possession of the Mazda at the time of the gift, Theresa Dassinger never transferred the Mazda's title to Timothy Dassinger.

On 17 March 2003, Plaintiff Progressive American Insurance Company ("Progressive") issued a personal automobile insurance policy covering the Mazda to Timothy Dassinger and Defendant Tami Phillips as co-insureds. At that time, Tami Phillips was Timothy Dassinger's girlfriend. The Progressive policy period was from 17 March 2003 through 17 September 2003. The terms of the State Farm and Progressive policies were identical in all applicable respects. Both policies provided bodily injury and property damage liability coverage with limits of $100,000.00 per person and $300,000.00 per accident, as well as collision coverage.

On 8 May 2003, Defendant Tami Phillips was involved in a two-car accident with a vehicle being driven by Defendant James Stokely. The accident resulted in personal injury to Mr. Stokely, property damage to the Stokely vehicle, and collision damage to the Mazda. Having been informed of the accident, State Farm and Progressive entered into an informal agreement ("the agreement") to share responsibility for the claims arising out of the accident. Before reaching the agreement, Progressive "was informed" that Timothy Dassinger owned the Mazda.

Pursuant to the agreement, Progressive paid $3,201.25 for collision damage sustained to the Mazda and $240.00 for rental car expenses incurred by Timothy Dassinger as a result of the accident. Additionally, Progressive paid the owner of the Stokely vehicle $3,792.81 for damage to that vehicle. State Farm paid Progressive $1,896.41, one-half of the amount paid by Progressive for damage to the Stokely vehicle. Timothy Dassinger incurred a $250.00 deductible for damages to the Mazda. After paying the amounts agreed upon under the agreement, Progressive discovered that Theresa Dassinger had never transferred the Mazda's title to Timothy Dassinger.

By complaint filed 22 March 2005, and under a theory of unjust enrichment, Plaintiffs sought restitution in the amount of $7,484.06, the total amount paid by Progressive and incurred by Timothy Dassinger. Plaintiffs also sought declaratory judgment that (1)

**PROGRESSIVE AM. INS. CO. v. STATE FARM MUT. AUTO. INS. CO.**

[184 N.C. App. 688 (2007)]

Theresa Dassinger was the owner of the Mazda at the time of the accident, (2) the State Farm policy provided primary coverage for all claims arising out of the accident, and (3) the Progressive policy provided excess coverage for all claims arising out of the accident. In their answer filed 25 May 2005, Defendants sought declaratory judgment that (1) the Progressive policy provided primary coverage for all claims or, in the alternative, shared a *pro rata* obligation under all coverage provisions, and (2) the State Farm policy provided excess coverage for all claims. Defendants further asked that Progressive recover nothing. Plaintiffs filed a motion for summary judgment on 11 January 2005, and a hearing on the motion was held on 23 January 2006. State Farm moved for summary judgment at the hearing.

In its summary judgment order entered 25 April 2006, the trial court made twenty findings of fact and five conclusions of law. The trial court denied Plaintiffs' motion for summary judgment and granted summary judgment in favor of Defendants. The trial court declared that only the Progressive policy provided liability and collision coverage on the Mazda at the time of the accident. Thus, the trial court ordered Progressive to pay State Farm $1,896.41, the amount paid by State Farm under the agreement. From the trial court's summary judgment order, Plaintiffs appeal. We reverse the trial court's order and remand for the entry of an order consistent with this opinion.

## I. STANDARD OF REVIEW

Our standard of review from an order denying summary judgment

"is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. Further, the evidence presented by the parties must be viewed in the light most favorable to the non-movant. The court should grant summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

*N.C. Farm Bureau Ins. Co. v. Nationwide Mut. Ins. Co.*, 168 N.C. App. 585, 586, 608 S.E.2d 112, 113 (2005) (quoting *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998)) (quotations and citation omitted).

## II. DECLARATORY JUDGMENT

Plaintiffs assert that the trial court erred in holding that (1) the State Farm policy automatically terminated when the Progressive policy was issued, (2) the Progressive policy provided primary liability and collision coverage for the accident, and (3) the State Farm policy did not provide either liability or collision coverage for the accident. We agree.

### A. OWNERSHIP OF THE MAZDA

[1] Since Timothy Dassinger never obtained title to the Mazda, Theresa Dassinger owned the Mazda at the time of the accident. *See* N.C. Gen. Stat. § 20-4.01(26) (2005) (defining "[o]wner" as the person holding the vehicle's legal title); *see also* N.C. Gen. Stat. § 20-72(b) (2005) (explaining requirements for transferring interest in a motor vehicle).

### B. AUTOMATIC TERMINATION

[2] Insurance policies are considered contracts between two parties. *Allstate Ins. Co. v. Shelby Mut. Ins. Co.*, 269 N.C. 341, 152 S.E.2d 436 (1967). "Insurance contracts are construed according to the intent of the parties, and in the absence of ambiguity, we construe them by the plain, ordinary and accepted meaning of the language used." *Integon General Ins. Corp. v. Universal Underwriters Ins. Co.*, 100 N.C. App. 64, 68, 394 S.E.2d 209, 211 (1990) (citing *Williams v. Nationwide Mut. Ins. Co.*, 269 N.C. 235, 238, 152 S.E.2d 102, 105-06 (1967)). "In construing an insurance policy, 'nontechnical words, not defined in the policy, are to be given the same meaning they usually receive in ordinary speech, unless the context requires otherwise.'" *Brown v. Lumbermens Mut. Cas. Co.*, 326 N.C. 387, 392, 390 S.E.2d 150, 153 (1990) (quoting *Grant v. Emmco Ins. Co.*, 295 N.C. 39, 42, 243 S.E.2d 894, 897 (1978)). "[I]t is the duty of the court to construe an insurance policy as it is written, not to rewrite it and thus make a new contract for the parties." *Allstate*, 269 N.C. at 346, 152 S.E.2d at 440 (citations omitted).

Under its General Provisions, the State Farm policy contained the following "Automatic Termination" clause:

> If *you* obtain other insurance on **your covered auto**, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

(Emphasis added and emphasis in original.) In the State Farm policy's "Definitions" section, "you" is defined as the " 'named insured' shown in the Declarations[]" and "[t]he spouse if a resident of the same household[,]" and "[y]our covered auto" is defined as "[a]ny vehicle shown in the Declarations." The Declarations to the State Farm policy show Theresa Dassinger as named insured and the Mazda as a covered vehicle.

The State Farm policy's automatic termination clause is unambiguous. Construing the clause and related definitions by the plain, ordinary, and accepted meaning of the language used, the automatic termination clause only applies if Theresa Dassinger obtains other insurance on the Mazda. Defendants' reliance on *State Farm Mut. Auto. Ins. Co. v. Atlantic Indem. Co.*, 122 N.C. App. 67, 468 S.E.2d 570 (1996), is misplaced. In that case, the two insurance policies at issue were procured by the same person, who was the named insured under both policies. In this case, since the State Farm policy and the Progressive policy were procured by different persons, the State Farm policy did not automatically terminate on 17 March 2003, and the State Farm policy was in effect at the time of the accident.

## C. LIABILITY COVERAGE

[3] "[A]n insurer by the terms of its policy could exclude liability coverage under [the owner's] policy if the driver of a vehicle . . . was covered under his own policy for the minimum amount of liability coverage required by the Motor Vehicle Financial Responsibility Act, N.C.G.S. § 20-279.1 *et seq.* [Act]." *United Services Auto. Ass'n v. Universal Underwriters Ins. Co.*, 332 N.C. 333, 334, 420 S.E.2d 155, 156 (1992). "[W]here two policies satisfy the Act's coverage requirements, the driver's insurance carrier, *depending on the language of the policies*, provides primary coverage." *Metropolitan Property and Cas. Ins. Co. v. Lindquist*, 120 N.C. App. 847, 850, 463 S.E.2d 574, 576 (1995) (citations omitted) (emphasis added). "Therefore, whether [State Farm] (owner's insurer) or [Progressive] (driver's insurer) provides primary coverage for the [a]ccident is controlled by the terms and exclusions within each policy." *Id.*

By the "Insuring Agreement" of the policies' liability coverage provisions, both State Farm and Progressive agree to "pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident." (Emphasis in original.) For purposes of the insuring agreements, an "[i]nsured" is defined, in part, as "[y]ou" or "[a]ny person using **your covered**

**auto.**" (Emphasis in original.) By these terms, both policies provided liability coverage for the 8 May 2003 accident.

Having determined that both policies provided liability coverage at the time of the accident, we must next determine the relative obligations under each policy in light of the policies' identical "Other Insurance" clauses:

> If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

The Mazda was a vehicle Timothy Dassinger "d[id] not own" at the time of the accident, and thus Progressive's liability coverage is "excess over any other collectible insurance." Since we determined above that the State Farm policy provides liability coverage for the accident, the State Farm policy constitutes "other collectible insurance." Thus, the Progressive policy only provides coverage under its liability provisions when the limit of the State Farm policy's coverage is met. The State Farm policy provided primary liability coverage for the accident. The Progressive policy's liability coverage was excess. The trial court's judgment that the State Farm policy did not provide liability coverage for the accident is reversed.

### D. COLLISION COVERAGE

[4] By the terms of the policies' collision coverage provisions, both State Farm and Progressive agree to "pay for direct and accidental loss to **your covered auto** or any **non-owned auto**, including their equipment." (Emphasis in original.) Additionally, the collision coverage provisions of both policies contain the following "Other Insurance" clause:

> If other insurance also covers the loss we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible insurance.

(Emphasis in original.) Under both policies, a "[n]on-owned auto" is defined, in part, as:

> Any private passenger auto, station wagon type, pickup truck, van or **trailer** not owned by or furnished or available for the

regular use of you or any **family member** while in the custody of or being operated by you or any **family member.**

(Emphasis in original.)

Under the Progressive policy, the Mazda is not a "non-owned auto" because it was furnished for the regular use of Timothy Dassinger. *See Hernandez v. Nationwide Mut. Ins. Co.*, 171 N.C. App. 510, 512, 615 S.E.2d 425, 426 ("[A]ll cars which are not owned within the meaning of G.S. 20-72(b) are insured 'non-owned' automobiles except those which are furnished for the regular use of the insured or his relative.") (quotations and citation omitted), *disc. review denied*, 360 N.C. 63, 621 S.E.2d 624 (2005). Thus, the Progressive policy's collision coverage is not "excess over any other collectible insurance." Under the State Farm policy, the Mazda is not a "non-owned auto" because the Mazda was owned by Theresa Dassinger. Since each policies' "share of the loss" is limited to the "proportion that [the] limit of liability bears to the total of all applicable limits[,]" and since both policies have the same limit, State Farm and Progressive must share *pro rata* in the damages to the Mazda. The trial court's judgment that the State Farm policy did not provide collision coverage for the accident is reversed.

## III. UNJUST ENRICHMENT

[5] Having determined the extent of the insurance policies' coverage, we must now determine whether the trial court erred in denying Plaintiffs' motion for summary judgment on their restitution claim, as Plaintiffs contend.

"When one [party] confers a benefit upon another which is not required by a contract either express or implied or a legal duty, the recipient thereof is often unjustly enriched and will be required to make restitution therefor." *Siskron v. Temel-Peck Enterprises, Inc.*, 26 N.C. App. 387, 390, 216 S.E.2d 441, 444 (1975). Unjust enrichment is "a claim in quasi contract or a contract implied in law." *Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 556, *reh'g denied*, 323 N.C. 370, 373 S.E.2d 540-41 (1988).

In order to establish a claim for unjust enrichment, a party must have conferred a benefit on the other party. The benefit must not have been conferred officiously, that is it must not be conferred by an interference in the affairs of the other party in a manner that is not justified in the circumstances. The benefit must not be gratuitous and it must be measurable.

*Id.* (citations omitted). Additionally, "the defendant must have consciously accepted the benefit." *Booe*, 322 N.C. at 570, 369 S.E.2d at 556.

We first address Defendants' argument that Plaintiffs' failure to assign error to one of the trial court's conclusions of law binds this Court to the result reached by the lower court. In its summary judgment order, the trial court concluded as a matter of law that "any payments made by Progressive were made voluntarily and/or gratuitously[.]" Plaintiffs did not specifically assign error to this conclusion. Thus, Defendants argue, this Court must affirm the trial court's decision to deny summary judgment on Plaintiffs' unjust enrichment claim, "even if it is determined by this Court that Progressive's policy did not provide primary liability coverage[.]" We disagree with Defendants' assertion.

Our standard of review is *de novo*. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 597 S.E.2d 674 (2004). Furthermore, our Supreme Court has held:

> The purpose of summary judgment is to eliminate formal trial when the only questions involved are questions of law. Thus, although the enumeration of findings of fact and conclusions of law is technically unnecessary and generally inadvisable in summary judgment cases, summary judgment, by definition, is always based on two underlying questions of law: (1) whether there is a genuine issue of material fact and (2) whether the moving party is entitled to judgment. On appeal, review of summary judgment is necessarily limited to whether the trial court's conclusions as to these questions of law were correct ones. It would appear, then, that notice of appeal adequately apprises the opposing party and the appellate court of the limited issues to be reviewed. *Exceptions and assignments of error add nothing.*

*Ellis v. Williams*, 319 N.C. 413, 415, 355 S.E.2d 479, 481 (1987) (internal citations omitted) (emphasis added); *see also Nelson v. Hartford Underwriters Ins. Co.*, 177 N.C. App. 595, 603, 630 S.E.2d 221, 227 (2006) ("This Court is required to follow the decisions of our Supreme Court. . . . Accordingly, we follow *Ellis*[.]"); *but see Shook v. County of Buncombe*, 125 N.C. App. 284, 285, 480 S.E.2d 706, 707 (1997) ("In our view, *Ellis* is no longer the law."). We conclude that, in reviewing a summary judgment order, a party's failure to assign error to a specific conclusion of law made by the trial court does not

bind this Court to the result reached by the lower court. *Ellis, supra*; *Nelson, supra*.

**[6]** From our review of the record, it is clear that the amounts paid by Plaintiffs were paid under the mistaken belief that Timothy Dassinger owned the Mazda at the time of the accident. Our analysis of the parties' obligations under the insurance policies, above, reveals that Plaintiffs thus conferred a benefit on Defendants. The benefit was not conferred officiously or gratuitously and is readily measurable. The trial court erred in denying Plaintiffs' motion for summary judgment on their claim for restitution, in granting summary judgment in favor of Defendants, and in ordering Progressive to pay State Farm $1,896.41.

For these reasons, the order of the trial court is reversed. The State Farm policy provided primary liability coverage for the accident. The Progressive policy provided excess liability coverage for the accident. Both the State Farm policy and the Progressive policy provided collision coverage for the accident. Plaintiffs are entitled to restitution for payments made which were not owed under the Progressive policy. This case is remanded for the entry of an order consistent with this opinion.

REVERSED and REMANDED.

Judges McGEE and CALABRIA concur.