608 S.E.2d 112 (2005)
NORTH CAROLINA FARM BUREAU INSURANCE COMPANY, Plaintiff,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant.
No. COA04-348.
Court of Appeals of North Carolina.
February 15, 2005.
Pinto, Coates, Kyre & Brown, P.L.L.C., by Paul D. Coates and Brady A. Yntema, Greensboro, for plaintiff-appellant.
Teague, Rotenstreich & Stanaland, L.L.P., by Paul A. Daniels, Greensboro, for defendant-appellee.
HUDSON, Judge.
On 12 September 2002, North Carolina Farm Bureau ("Farm Bureau") brought a declaratory judgment complaint against Nationwide Mutual Insurance Company ("Nationwide") to determine the obligations of each company under terms of a settlement in a wrongful death case. Both parties moved for summary judgment, and following a hearing, on 10 December 2003, the court granted *113 Nationwide's motion and denied Farm Bureau's. Farm Bureau appeals. For the reasons discussed below, we affirm.
This case arises from a fatal car crash. On 27 October 1994, Charly Simms ("Charly") was driving a car owned by her mother, Betty Simms ("Betty"), on I-40 near Asheville, with Betty's permission. Charly's friend Reagan Mason ("Reagan") was a passenger in the car. After Charly shared a story about once having driven through a weigh station, Reagan suddenly grabbed the wheel and attempted to steer the car into a weigh station the car was passing. Charly's hands remained on the wheel and she attempted to regain control of the car by steering back to the left. When Charly swerved the car back to the left, it struck a car driven by Thomas Graves, who died as a result of the collision. Graves' estate brought a wrongful death action against Reagan, Charly and Betty. Farm Bureau insured Reagan, and Nationwide insured Charly and Betty. The insurance companies settled the claims against their insureds for $37,500, then brought this declaratory action to determine their respective obligations. In its complaint, Farm Bureau argued that Nationwide was primarily liable for damages arising from the wreck. At the hearing on their summary judgment motions, the parties stipulated that Reagan was not a permissive user of Betty's car and that the sole issue before the court was whether Reagan was in lawful possession of the car. The court found that Reagan was not in lawful possession of the car and granted Nationwide's cross-motion for summary judgment.
Farm Bureau argues that the court erred in granting summary judgment in favor of Nationwide and in denying summary judgment for Farm Bureau. We disagree.
The standard of review on appeal from a denial of summary judgment
is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. Further, the evidence presented by the parties must be viewed in the light most favorable to the non-movant. The court should grant summary judgment when `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'
Bruce-Terminix Co. v. Zurich Ins. Co., 130 N.C.App. 729, 733, 504 S.E.2d 574, 577 (1998) (internal citations omitted) (citing N.C. Gen.Stat. § 1A-1, Rule 56(c) (1990)).
Under N.C. Gen.Stat. § 20-279.21(b)(2), a vehicle owner's liability policy

[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, or any other persons in lawful possession, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle ...
N.C. Gen.Stat. § 20-279.21(b)(2) (2004) (emphasis supplied). Here, the parties stipulated that Reagan was not a permissive user of Betty's car, limiting the issue before the court to whether Reagan was in lawful possession of the car when she grabbed the steering wheel as the car traveled down Interstate 40. "[A] person is in lawful possession of a vehicle ... if he is given possession of the automobile by the automobile's owner or owner's permittee under a good faith belief that giving possession of the vehicle to the third party would not be in violation of any law or contractual obligation." Belasco v. Nationwide Mut. Ins. Co., 73 N.C.App. 413, 419, 326 S.E.2d 109, 113, disc. review denied, 313 N.C. 596, 332 S.E.2d 177 (1985). "This implies not only that the owner or the owner's permittee must give possession to a third party in good faith, but also that the third party must take in good faith and without any notice of restrictions on his use." Nationwide Mut. Ins. Co. v. Baer, 113 N.C.App. 517, 521, 439 S.E.2d 202, 205 (1994).
Farm Bureau argues that Reagan was in lawful possession of Betty's car when she grabbed the steering wheel. At the time she grabbed the wheel, Reagan was sitting in the front passenger seat, as Charly drove the car down Interstate 40. We find no case in this *114 State in which anyone other than the operator, sitting in the driver's seat, has been found to be in possession of a car. Rather, whether a passenger who grabs a steering wheel can be considered in possession of the vehicle appears to be a matter of first impression in North Carolina. However, a number of other states have addressed a related issue, concerning whether a passenger who grabs the steering wheel is operating a vehicle as referred to in an insurance policy exclusion. We are persuaded by the reasoning of those states which hold that a passenger who grabs the steering wheel is actually interfering with the vehicle's operation. See Harrison v. Tomes, 956 S.W.2d 268 (Mo.1997); Farm Bureau Gen. Ins. Co. v. Riddering, 172 Mich.App. 696, 432 N.W.2d 404 (1988); West Bend Mut. Ins. Co. v. Milwaukee Mut. Ins. Co., 384 N.W.2d 877, affirmed en banc, 384 N.W.2d 877, (Minn.1986); State Farm Mut. Auto. Ins. Co. v. White, 60 Or.App. 666, 655 P.2d 599 (1982); but see Gibbs v. Nat'l Gen. Ins. Co., 938 S.W.2d 600 (Mo.Ct.App.1997); U.S. Fire Ins. Co. v. United Serv. Auto. Ass'n, 772 S.W.2d 218 (Tex.Ct.App.1989); U.S. Fid. & Guar. Co. v. Hokanson, 2 Kan.App.2d 580, 584 P.2d 1264, 1267 (1978); State Farm Mut. Auto. Ins. Co. v. Larsen, 62 Ill.App.3d 1, 18 Ill.Dec. 582, 377 N.E.2d 1218, (1978). As such, we cannot agree that grabbing the steering wheel of a moving car from the passenger seat in the circumstances presented here constitutes "possession" of the car. Thus, we conclude that Reagan was not in possession of the car when she grabbed the steering wheel.
Further, even if Reagan were in possession of the car, the possession would not have been lawful. This Court has held that N.C. Gen.Stat. § 20-279.21 requires "not only that the owner or the owner's permittee must give possession to a third party in good faith, but also that the third party must take in good faith and without any notice of restrictions on his use." Baer, 113 N.C.App. at 521, 439 S.E.2d at 205. If a driver suffered a medical emergency and lost control of a car, perhaps a passenger could have a good faith belief that she could take possession of the car by grabbing the steering wheel; however, that circumstance is not before us. Here, the evidence indicates that Reagan grabbed the wheel while joking around. Common sense dictates that a reasonable passenger cannot in good faith believe that she may lawfully possess a car by suddenly grabbing the steering wheel of a moving car in this manner.
Affirmed.
Judges WYNN and ELMORE concur.