J-S17004-18

2018 PA Super 146

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ERIN C. DOONER, JEAN A. FONTE, JEFFREY J. KOWALSKI, GARY J. FEDORCZYK, AND PROGRESSIVE ADVANCED INSURANCE COMPANY | |
| APPEAL OF:  JEAN A. FONTE | No. 2821 EDA 2017 |

Appeal from the Order Entered August 2, 2017
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 3140 CIVIL 2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

OPINION BY BENDER, P.J.E.:                    **FILED JUNE 04, 2018**

Appellant, Jean A. Fonte, appeals from the August 2, 2017 order granting summary judgment in favor of Appellee, State Farm Mutual Automobile Insurance Company ("State Farm").  After careful review, we affirm.

The trial court summarized the following undisputed facts and procedural background of this case in its August 2, 2017 opinion:[1]

> Prior to the evening of May 15, 2014, Erin C. Dooner [("Ms. Dooner")] and [Appellant] [] were involved in a romantic relationship.  While traveling in [Ms.] Dooner's vehicle, the couple was involved in a one[-]car accident.  [Ms.] Dooner had a motor vehicle insurance policy number 173-0212-A08 through [State

---

[1] On September 20, 2017, the trial court filed a statement pursuant to Pa.R.A.P. 1925(a), incorporating by reference its August 2, 2017 opinion, in which the court previously addressed the issues raised by Appellant on appeal.

Farm's] company. Because of this accident, [Ms.] Dooner was arrested and taken to the Monroe County DUI Center. [Appellant] then retrieved her own vehicle, a 2004 Dodge Stratus, in order to pick up [Ms.] Dooner from the DUI Center sometime after midnight on May 16, 2014. [Appellant's] vehicle was insured by an automobile policy through Progressive Advanced Insurance [Company] (hereinafter "[Progressive]"). As [Appellant] was driving the couple home, they began to fight. [Appellant] claims [Ms.] Dooner struck her in the face. As the fight continued, [Ms.] Dooner grabbed the bottom of the steering wheel and jerked it. This caused the Dodge Stratus to swerve into oncoming traffic and collide head-on with a police cruiser. The police cruiser was operated by Jeffrey J. Kowalski (hereinafter "[Officer] Kowalski"). Gary J. Fedorczyk (hereinafter "[Officer] Fedorczyk") was a front seat passenger in the police vehicle at the time of the accident.

[Appellant] and [Officer] Kowalski, along with his wife, have filed lawsuits in this [c]ourt against [Ms.] Dooner relating to the accident. These suits are respectively filed at 3416 CV 2014 and 1859 CV 2016. On April 27, 2016, [State Farm] filed a Complaint for Declaratory Judgment stating that it has no duty to defend, indemnify, or otherwise provide liability coverage to [Ms.] Dooner under [its] insurance policy. On May 30, 2017, [State Farm] filed a Motion for Summary Judgment. There is also a Motion for Summary Judgment filed by [] Progressive currently pending before the [c]ourt in 3140 CV 2016. Oral argument was not held in this matter and a decision [was] rendered based upon the submissions of the parties.

Trial Court Opinion ("TCO"), 8/2/17, at 1-2.

On August 2, 2017, the trial court entered an order granting State Farm's motion for summary judgment and finding that State Farm does not owe a duty of coverage in this case. Appellant filed a timely notice of appeal on August 25, 2017, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant raises the following issue for our review:

Did the trial court abuse its discretion and commit error by granting [s]ummary [j]udgment on behalf of [State Farm],

- 2 -

improperly determining that State Farm did not owe a duty of coverage to [its] insured[,] [Ms.] Dooner, and all parties who suffered injuries through [Ms.] Dooner's negligence, thus misapplying case law and relevant precedent?

Appellant's Brief at 5.

Our standard of review with respect to a trial court's decision to grant or deny a motion for summary judgment is as follows:

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Byoung Suk An v. Victoria Fire & Cas. Co.***, 113 A.3d 1283, 1287-88 (Pa. Super. 2015) (citation omitted). Additionally, we note that the interpretation of an insurance policy is a question of law that we will review *de novo*. ***See***

***Rourke v. Pennsylvania Nat. Mut. Cas. Ins. Co.***, 116 A.3d 87, 91 (Pa. Super. 2015).

Here, Appellant avers that Ms. Dooner's policy with State Farm "provides coverage for a 'non-owned car' if the car is in *lawful possession* of *you* or any

*resident relative*."  Appellant's Brief at 12 (emphasis in original).  Appellant further notes that the policy is silent with respect to the definition of the terms "possession" and "lawful."  Thus, she concludes that the policy is ambiguous and must, therefore, be construed in her favor.  ***Id.*** (citing ***Madison Construction Company v. Harleysville Mutual Insurance Company***, 735 A.2d 100, 106 (Pa. 1999) (stating that where a provision of an insurance policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer)).  After careful review of the record, we deem Appellant's claim to be wholly without merit.

We begin our analysis by setting forth well-established rules of insurance contract interpretation.  "The task of interpreting [an insurance] contract is generally performed by a court rather than by a jury."  ***Madison Construction***, 735 A.2d at 106 (Pa. 1999).

> The goal in construing and applying the language of an insurance contract is to effectuate the intent of the parties as manifested by the language of the specific policy.  When the language of an insurance policy is plain and unambiguous, a court is bound by that language.  Alternatively, if an insurance policy contains an ambiguous term, the policy is to be construed in favor of the insured to further the contract's prime purpose of indemnification and against the insurer, as the insurer drafts the policy, and controls coverage.  Contract language is ambiguous if it is reasonably susceptible to more than one construction and meaning.  Finally, the language of the policy must be construed in its plain and ordinary sense, and the policy must be read in its entirety.

***Pennsylvania Nat. Mut. Cas. Ins. Co. v. St. John***, 106 A.3d 1, 14 (Pa. 2014) (internal citations and quotation marks omitted).  ***See also Wagner v.***

*Erie Ins. Co.*, 801 A.2d 1226, 1231 (Pa. Super. 2002) (adding that when construing a policy, we may inform our understanding of words of common usage by considering their dictionary definitions).  Moreover, a court "will not find a particular provision ambiguous simply because the parties disagree on the proper construction; if possible, it will read the provision to avoid an ambiguity."  *Brown v. Everett Cash Mutual Insurance Company*, 157 A.3d 958, 962 (Pa. Super. 2017).

Mindful of the foregoing legal principles, it is clear that the focal point of our inquiry is the language of the insurance policy.  Under the terms of the policy, State Farm will provide coverage for "damages an *insured* becomes legally liable to pay because of … *bodily injury* to others … and damage to property[,] caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy."  Policy, Exhibit "E" to Complaint for Declaratory Judgment, at 7 (emphasis in original).  The term "insured" is defined under the policy as:

1. *you* and *resident relatives* for:

   a. the ownership, maintenance, or use of:
     (1)    *your* car;
     (2)    a *newly acquired car*; or
     (3)    a *trailer*; and

   b. The maintenance or use of:
     (1)    a *non-owned car*; or
     (2)    a *temporary substitute car*.

*Id.* (emphasis in original).

After applying the policy's definition of "insured" to the instant facts, we deem Ms. Dooner's use of a "non-owned car" to be the only possible qualifying scenario for coverage by State Farm in this case. A "non-owned car" is defined under the policy as,

a *car* that is in the lawful possession of *you* or any *resident relative* and that neither:

1. Is *owned by*:

   a. *you*;

   b. any *resident relative*;

   c. any other *person* who resides primarily in *your* household; or

   d. an employer of any *person* described in a., b., or c. above; nor

2. Has been operated by, rented by or in the possession of:

   a. *you*; or

   b. any *resident relative*

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or *loss*.

*Id.* at 4-5 (emphasis in original).

Accordingly, in order for State Farm to owe liability coverage in the instant case, Appellant's Dodge Stratus must qualify as a "non-owned car" of the insured, Ms. Dooner. Based on the foregoing definition, it is evident that

coverage hinges on whether Ms. Dooner was in "lawful possession" of the

Dodge Stratus at the time of the accident.[2]

> Unfortunately, Pennsylvania has little caselaw [*sic*] explaining the
> meaning of "lawful possession" in terms of a passenger interfering
> with a driver.  As the policy does not explicitly define the term
> "possession," [State Farm] relies on the Black's Law Dictionary
> definition.  Possession is defined therein as:
>
>> (1) The fact of having or holding property in one's power;
>> the exercise of dominion over the property; (2) the right
>> under which one may exercise control over something to the
>> exclusion of all others; the continuing exercise of a claim to
>> the exclusive use of a material object; (3) the detention or
>> use of a physical thing with the intent to hold it as one's
>> own; (4) something that a person owns or controls.
>
> Black's Law Dictionary (10th ed. 2014).  Additionally, [State Farm]
> includes the Merriam-Webster definition of "possession" as "1. (a)
> the act of having or taking into control; (b) control or occupancy
> of property without regard to ownership; (c) ownership; … 2.
> Something owned, occupied, or controlled."

TCO at 5-6.

 Appellant argues that all of the foregoing definitions of "possession"

involve an aspect of control; thus, the court should determine whether Ms.

---

[2] We note that the trial court applied the term "temporary substitute car" rather than "non-owned car" to its analysis.  **See** TCO at 4.  A "temporary substitute car" is defined under the policy as "a car that is in the lawful possession of the person operating it and that: (1) replaces your car for a short time while your car is out of use due to its: a. breakdown; b. repair; c. servicing; d. damage; or e. theft; and (2) neither you nor the person operating it own or have registered."  Policy at 6.  We conclude that "non-owned car" is the more appropriate term here.  Regardless, whether the policy would provide coverage for the insured's use of either a "non-owned car" or a "temporary substitute car" hinges on whether there was lawful possession; hence, this discrepancy is inconsequential.  We are in agreement with the remainder of the trial court's analysis regarding lawful possession.

Dooner had control of the Dodge Stratus at the time of the accident. *See* Appellant's Brief at 14. In response to Appellant's claim, the trial court opined:

> We do not believe that possession and control are synonymous and can be used interchangeably. However, as control appears to be a consideration in determining possession, we will examine [Appellant's] argument further. In support of her argument, [Appellant] cites a number of DUI related cases. *See **Commonwealth v. Wolen**, … [685 A.2d 1384] ([Pa. Super.] 1996); **Commonwealth v. Woodruff**, … [668] A.2d 1158 ([Pa. Super.] 1995); **Commonwealth v. Trial**, … 652 A.2d 338 ([Pa. Super.] 1994); **Commonwealth v. Wilson**, … 660 A.2d 105 ([Pa. Super.] 1995).
>
> The cases cited by [Appellant] are immediately distinguishable from the current matter as all of the fact patterns involve the defendant being found in control, in part, because they were the only person in or around the car, leaving them the only person likely to have been driving it. The **Wolen** court noted, "whether a person is in actual physical control of the motor vehicle is determined based upon a totality of the circumstances." [] **Wolen**, … 685 A.2d [at] 1385…. In **Wolen**, the [Pennsylvania] Supreme Court found that a jury instruction stating "an individual may be in actual physical control of his vehicle … so long as that individual is keeping that car in restraint or is in a *position to regulate its movement*" was not inappropriate. **Id.** at 1387 (emphasis added)….
>
> As the matter at hand involves a motor vehicle insurance policy, it is necessary to consider control in terms of the entire vehicle, not just the steering wheel. [Appellant] remained seated in the driver's seat during the entire altercation. She never relinquished control of any other mechanism of the car's movement, such as the gas or brake pedals, to [Ms.] Dooner…. [Appellant's] deposition testimony in which she states her hands may have been off the wheel at the time of the accident … does not change the fact that she was in the driver's seat. Even if her hands were briefly removed from the wheel, she was in the position of control of the vehicle. A driver operating a vehicle does not relinquish control simply because they remove their hands from the steering wheel for a moment. Nor does a driver relinquish possession or control of an automobile by allowing an alleged inebriated and belligerent individual into it as a passenger. Nor does she

relinquish control when that alleged inebriated and belligerent individual irrationally attempts to grab the steering wheel while a passenger in the vehicle. Based upon the totality of the circumstances, we do not find that [Ms.] Dooner['s] briefly grabbing the steering wheel amounted to her taking lawful possession or control of the vehicle.

*Id.* at 6-8. We discern no abuse of discretion in the trial court's finding that Ms. Dooner was not in possession of the vehicle at the time of the accident, or in its conclusion that State Farm, therefore, does not owe any liability coverage in this case.

Even if Ms. Dooner had been found to be in "possession" of the vehicle, we further agree with the trial court's conclusion that such possession would not have been "lawful."

> "Lawful" is defined as "not contrary to law; permitted by law." Black's Law Dictionary (10th ed. 2014).... It is beyond belief that the action of a passenger striking the driver of a moving vehicle and grabbing the wheel in such a manner as to cause the vehicle to enter another lane and crash head-on with an approaching vehicle could be considered "lawful" for "lawful possession" of a vehicle. [Ms. Dooner] did not have the permission of the owner/driver to be driving or in control or possession of the vehicle. Likewise[,] it is difficult to imagine this is a scenario that either party to the insurance contract would have reasonably expected to be covered when agreeing to the policy. Therefore, we find that even if [Ms.] Dooner could be found to have had possession of the vehicle at the time of the accident, it was not lawful. Summary judgment is appropriate at this time.

TCO at 9. After careful review, we discern no abuse of discretion or error of law by the trial court.

Finally, while not binding on this Court, we are also persuaded by the rationale behind the decision in ***North Carolina Farm Bureau Ins. Co. v. Nationwide Mut. Ins. Co.***, 608 S.E.2d 112 (N.C. Ct. App. 2005), where the

issue was whether the passenger was in lawful possession of a vehicle involved in a crash under circumstances similar to the instant case. In *Farm Bureau*, the passenger "suddenly grabbed the [steering] wheel and attempted to steer the car into a weigh station the car was passing." *Id.* at 112. When the driver attempted to regain control of the car by steering back to the left, it struck another car, resulting in the death of the other driver. *Id.* The sole issue before the court was whether the passenger was in lawful possession of the car when he grabbed the steering wheel. The *Farm Bureau* Court deemed this issue to be a matter of first impression in North Carolina and, thus, analyzed decisions in a number of other states which addressed a related issue, concerning whether a passenger who grabs the steering wheel is operating a vehicle as referred to in an insurance policy exclusion. The Court was persuaded by the reasoning of those states which held that "a passenger who grabs the steering wheel is actually interfering with the vehicle's operation." *Id.* at 114 (citations omitted). As such, the Court determined that it could not find the act of grabbing a steering wheel of a moving car from the passenger seat in the circumstances presented to constitute "possession" of the car. *Id.*

The *Farm Bureau* Court further held that "even if [the passenger] were in possession of the car, the possession would not have been lawful." *Id.*

> If a driver suffered a medical emergency and lost control of a car, perhaps a passenger could have a good faith belief that she could take possession of the car by grabbing the steering wheel; however, that circumstance is not before us. Here, the evidence indicates that [the passenger] grabbed the wheel while joking

> around. Common sense dictates that a reasonable passenger cannot in good faith believe that she may lawfully possess a car by suddenly grabbing the steering wheel of a moving car in this manner.

*Id.* We believe the same logic applies here. Ms. Dooner's action of grabbing the steering wheel did not constitute possession of the car, but rather interfered with Appellant's operation of the vehicle. Even if Ms. Dooner was found in possession of the car at the time of the accident, the possession would not have been lawful.

As Appellant failed to establish a genuine issue of material fact, we conclude that the trial court did not commit an error of law or abuse its discretion when it granted State Farm's motion for summary judgment.

Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/18

- 11 -