J-A06043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR BCAT 2015-14BTT | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 1167 MDA 2018 |
| FORREST M. SWAYDIS A/K/A FOREST M. SWAYDIS | : : : | |
| Appellant | : | |

Appeal from the Judgment Entered June 7, 2018
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s): 2016-03616

BEFORE: OTT, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:          **FILED APRIL 05, 2019**

Forrest M. Swaydis a/k/a Forest M. Swaydis (Swaydis) appeals from the judgment entered in the Court of Common Pleas of Lackawanna County (trial court) in favor of Wilmington Savings Fund Society FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14BTT (Wilmington Savings). We affirm.

We take the following relevant facts and procedural history from the trial court's August 22, 2018 opinion and our independent review of the certified record. On June 17, 2016, Wilmington Savings filed a complaint in mortgage foreclosure against Swaydis alleging his October 2011 default of a mortgage secured by a property located in Old Forge, Lackawanna County. The trial

_____

*  Retired Senior Judge assigned to the Superior Court.

court entered an order overruling Swaydis' preliminary objections to the complaint in March 2017. Swaydis filed an answer and new matter and Wilmington Savings filed a response thereto.

In February 2018, Wilmington Savings filed a motion for summary judgment attaching supporting documentation, including the relevant loan documents, assignment of the mortgage to it and an affidavit from a Wilmington Savings loan servicing agent averring that the amount due and owing on the loan is $102,526.41. Swaydis did not file a response nor did he appear at the oral argument on the motion. The trial court entered summary judgment in favor of Wilmington Savings in the amount of $102,526.41. In its 1925(b) Opinion,[1] the trial court stated:

> It is clear that Appellant has completely failed at every step of the proceedings to coherently and succinctly identify any facts or defenses in support of his opposition to this action. He has merely raised bald assertions in his responses to the complaint, as well as in his new matter. He failed to respond to request for admissions, resulting in those requests being deemed admitted. He failed to respond, brief, or appear for oral argument on the Motion for Summary Judgment. And lastly, he failed by asserting boilerplate allegations of error in his matters complained of on appeal.
>
> Meanwhile, Appellee has produced competent, straightforward evidence establishing: a) mortgage was obtained by Appellant, b) Appellant defaulted on the mortgage, and c) the mortgage was properly recorded specifying the proper amounts due and owing.

---

[1] **See** Pa.R.A.P. 1925.

Trial Court Opinion pp. 6-7.  This appeal followed.[2]

In his appeal, Swaydis contends that the trial court's entry of summary judgment[3] in favor of Wilmington Savings was improper because his answer and new matter made clear that there are genuine issues of material fact regarding the propriety of the foreclosure.  (**See** Swaydis' Brief, at 12-22).

Pennsylvania Rule of Civil Procedure 1035.3 governs responses to motions for summary judgment and provides, in pertinent part:

> (a) . . . **the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response** within thirty days after service of the motion identifying
>
> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
>
> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

---

[2] The trial court entered summary judgment on May 29, 2018, and, for reasons not readily apparent from the record, judgment was again entered on the docket on June 7, 2018.  Notice of the judgment pursuant to Pennsylvania Rule of Civil Procedure 236 was sent to the parties on that same June date. **See** Pa.R.C.P. 236.  Swaydis' notice of appeal, filed on July 9, 2018, was, therefore, timely. **See EMC Mort.**, **LLC v. Biddle**, 114 A.3d 1057, 1059 n.1 (Pa. Super. 2015) (notice of appeal was timely when filed within thirty days after Rule 236 notice of judgment was sent by prothonotary); **see also** 1 Pa.C.S. § 1908 (when last day of appeal period falls on weekend or legal holiday, that day is omitted from computation of time).

[3] An appellate court may reverse the entry of a summary judgment only where it is established that the court committed an error of law or abused its discretion. **See State Farm Mut. Auto. Ins. Co. v. Dooner**, 189 A.3d 479, 481 (Pa. Super. 2018).

\*   \*   \*

(d) **Summary judgment may be entered against a party who does not respond**.

Pa.R.C.P. 1035.3.(a)(1)-(2), (d) (emphases added).

Further, "a non-moving party's failure to raise grounds for relief in the trial court as a basis upon which to deny summary judgment waives those grounds on appeal." ***Harber Philadelphia Ctr. City Office Ltd. v. LPCI Ltd. P'ship***, 764 A.2d 1100, 1105 (Pa. Super. 2000), *appeal denied*, 782 A.2d 546 (Pa. 2001) (citation omitted).  This makes the defenses to summary judgment advanced by the non-moving party in the trial court of critical importance. ***See id.***  "This proposition is consistent with our Supreme Court's efforts to promote finality, and effectuates the clear mandate of our appellate rules requiring presentation of all grounds for relief to the trial court as a predicate for appellate review.  ***See*** Pa.R.A.P. 302(a) ('Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.')." ***Id.***

In this case, Swaydis did not file **any** response to Wilmington Savings' motion for summary judgment in the trial court, nor did he appear at oral argument on the motion.  Because Swaydis failed to respond in any way, the trial court did not err in entering summary judgment.  ***See*** Pa.R.C.P. 1035.3.(d).  Moreover, his failure to raise any grounds for relief in the trial court as a basis upon which to deny summary judgment waives those grounds on appeal.  ***See Harber Philadelphia Ctr. City Office Ltd.***, ***supra*** at 1105.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/05/2019